**Alan BERNDT and Debra Berndt, Plaintiffs,**

v.

**FAIRFIELD RESORTS, INC., Defendant.**

**No. 04–C–0049–C.**

United States District Court, W.D. Wisconsin.

Oct. 12, 2004.

Mary C. Fons, Stoughton, WI, for Plaintiffs.

Jon G. Furlow, Michael Best & Freidrich, LLP, Madison, WI, for Defendant.

## OPINION AND ORDER

CRABB, District Judge.

On August 31, 2004, this court entered an order granting plaintiffs' motion for summary judgment and denying defendant's cross motion with respect to plaintiff's claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692–1692o; granting defendant's motion for summary judgment and denying plaintiffs' motion with respect to plaintiffs' claim under the Wisconsin Consumer Act, Wis. Stat. § 427.104(1)(f), (h), (i) and (j); granting defendant's motion to amend the pleadings to allow a bona fide error defense as the defense relates to damages; and denying defendant's motion to strike plaintiffs' additional proposed findings of fact as unnecessary. Defendant has now filed a motion to reconsider the order with respect to plaintiffs' claim under the Fair Debt Collection Practices Act. Defendant argues that the court erred when it concluded that defendant did not meet any of the exemptions for "debt collectors" under 15 U.S.C. § 1692a(6)(F)(i), (ii) or (iii) and denied defendant's motion for summary judgment. In the alternative, defendant asks the court to deny plaintiff's motion for summary judgment on this issue because there are triable issues of fact.

This case arises out of a timeshare condominium contract entered into by plaintiffs and Peppertree Resort Villas, Inc. in 1997. In 1999 or 2000, defendant purchased a company called Equivest, which had previously purchased Peppertree Resort Villas Inc., one of whose subsidiaries is Peppertree Resorts Management, Inc. Peppertree Resorts Management, Inc. entered into an agreement with the Peppertree at Tamarack Owners Association under which Peppertree Resorts Management, Inc. was to manage the Peppertree at Tamarack property. Plaintiffs sued defendant for sending them letters in July and December 2003 that asserted that plaintiffs owed maintenance fees to the Association, an entity with no corporate affiliation with defendant. Plaintiffs argued that the July and December 2003 letters violated the Fair Debt Collection Practices Act on several grounds, such as sending letters to debtors directly when defendant knew that they were represented by an attorney and failing to comply with the Act's notice requirements.

Before plaintiffs can argue that defendant violated the Act, they must first show that defendant comes within the Act's purview. In its motion for summary judgment, defendant argued that the Act's requirements did not apply to it because it is a "creditor" and not a "debt collector," as defined under the Act. In the August 31,

2004 opinion and order, I concluded that the Peppertree at Tamarack Owners Association was the "creditor" under the Act. According to the timeshare purchase contract and extrinsic evidence, plaintiffs owed maintenance fees to the Association and defendant took collection action on behalf of the Association. I found that defendant qualified as a "debt collector" under the Act because it regularly collected debts for the Association and other third parties and because it did not meet any of the exemptions from debt collector status set out in 15 U.S.C. § 1692a(6)(F).

In its motion to reconsider, defendant contends that the court failed to consider deposition testimony showing that it is exempt from debt collector status under 15 U.S.C. § 1692a(6)(F)(i) and (iii), which exempts persons "collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bonafide escrow arrangement ... [or] (iii) concerns a debt which was not in default at the time it was obtained by such person." In addition, defendant argues that the court failed to consider legal standards that would exempt defendant from debt collector status under § 1692a(6)(F)(ii), which exempts a person attempting to collect a debt that originates with such person.

The critical question is whether defendant inherited the right to collect maintenance fees on behalf of the Association when defendant purchased Equivest in 1999 or 2000. The Association gave Peppertree Resorts Management, Inc. the authority to collect maintenance fees on its behalf through the Timeshare Management Agreement. Plaintiffs do not believe that defendant acquired the rights outlined in that agreement when it purchased Equivest and its subsidiaries, including Peppertree Resorts Management, Inc. In the Au-

gust 31, 2004 opinion and order, I stated that defendant had not adduced any evidence demonstrating that it had acquired the contract rights of all subsidiaries of Peppertree Resort Villas, Inc. upon its purchase of Equivest. Op. and Order, dkt. # 43, at 13. I concluded that because of this lack of evidence, defendant could not show that it "had a fiduciary relationship with the Association or that it obtained the right to collect the Association's fees, either prior to the debts' obtaining default status or after that." *Id.* at 14. I conclude now that this previous conclusion was wrong because I find that defendant adduced sufficient evidence to persuade a reasonable jury that defendant had obtained the right to collect the Association's maintenance fees.

If defendant had the right to collect maintenance fees on behalf of the Association, then it follows that its collection activity was incidental to a bona fide fiduciary obligation under the terms of the Timeshare Management Agreement, exempting defendant from debt collector status under 15 U.S.C. § 1692a(6)(F)(i). In addition, if defendant had the right to collect maintenance fees on behalf of the Association, the undisputed evidence supports the conclusion that the debt that defendant was trying to collect was not in default and defendant is not a debt collector under 15 U.S.C. § 1692a(6)(F)(iii). I note that only one exemption under 15 U.S.C. § 1692a(6)(F) need apply to relieve defendant from the Act's requirements.

### A. *Defendant's Right to Collect the Association's Maintenance Fees*

It is undisputed that in 1997, the Association entered into a Timeshare Management Agreement with Peppertree Resorts Management, Inc. in which the Association gave Peppertree Resorts Management, Inc. the right to manage its property. Op.

and Order, dkt. # 43, at 3. Under the agreement, Peppertree Resorts Management, Inc. had authority to collect assessments on behalf of the Association. Exh. 4 to Jeffrey Lessey Dep., dkt. # 14, at 6. Through the purchase of Equivest, defendant became the owner of Peppertree Resort Villas, Inc. and its subsidiary, Peppertree Resorts Management, Inc. Op. and Order, dkt. # 43, at 3. Defendant asserts that it obtained the right to collect maintenance fees on behalf of the Association when it bought Equivest. (Defendant contends that the deposition testimony of its corporate designee, Jeffrey Lessey, shows that it obtained that right because part of the Equivest purchase was the purchase of the Timeshare Management Agreement. Dft.'s Br., dkt. # 46, at 4. This testimony is not helpful; Lessey is not testifying from his own knowledge but from his reading of the Timeshare Management Agreement. Defendant has not shown why Lessey's interpretation of the contract carries any evidentiary weight.)

It is undisputed that defendant purchased Equivest and that Equivest had previously purchased Peppertree Resorts Management, Inc. It is undisputed also that defendant manages the Peppertree at Tamarack property on behalf of the Association and that the Timeshare Management Agreement between Peppertree Resorts Management, Inc. and the Association gave Peppertree Resorts Management, Inc. the right to collect maintenance fees on behalf of the Association. Therefore, when defendant purchased Equivest in 1999 or 2000, it bought everything that Equivest had owned, including Peppertree Resorts Management, Inc. and Peppertree Resorts Villas, Inc. It is logical to conclude that defendant's purchase of Equivest included all the rights owned by Equivest and its subsidiaries, including the right owned by Peppertree Resorts Management, Inc. to collect maintenance fees on behalf of the Association.

The purpose of the Fair Debt Collection Practices Act supports this conclusion. In the August 31, 2004 opinion and order, I reasoned that rights made by contract with a subsidiary, such as Peppertree Resorts Management, Inc., are the subsidiary's rights alone and do not transfer to a parent company solely by virtue of common ownership. Op. and Order, dkt. # 43, at 13. Although that statement may be true in some contexts, "the question that drives veil-piercing in the statutory context is whether the statutory purpose would be furthered or frustrated if the individual controlling stockholder or parent corporation is not swept within the scope of the statute." Cox & Hazen, *Corporations*, § 7.17 at 309 (2d ed.2003). The Fair Debt Collections Practices Act is "aimed at debt collectors, who may have 'no future contact with the consumer and often are unconcerned with the consumer's opinion of them.'" *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir.2003) (noting that "creditors" under Act generally are restrained by desire to protect their good will when collecting past due accounts).

It is undisputed that defendant sent 4,700 letters like the ones it sent plaintiffs in July and December of 2003 and that some of those letters referred to past due balances. Op. and Order, dkt. # 43, at 6. However, it is undisputed also that defendant sent the letters to anyone owning a timeshare at Fairfield. Dft.'s Resp. to Plts.' PFOF, dkt. # 31, ¶ 7; Plts.' Reply to Dft.'s Resp. to Plts.' PFOF, dkt. # 39. Therefore, defendant was sending letters to its *customers* in an attempt to collect maintenance fees. Under the reasoning in *Schlosser*, 323 F.3d at 536, defendant's actions would be more like a "creditor" than a "debt collector" because defendant would

want to protect its good will when collecting past due accounts from its customers. To believe that defendant would not be concerned about its customers' opinion would be contrary to good business sense. Because I find that defendant had the right to collect maintenance fees on behalf of the Association under the Timeshare Management Agreement, I must determine whether defendant meets one of the exemptions from debt collector status.

### B. Exemptions from Debt Collector Status

**1. *15 U.S.C. § 1692a(6)(F)(i)—the bona fide fiduciary exemption***

When defendant purchased Equivest in 1999 or 2000 and acquired the rights to the Timeshare Management Agreement, it acquired the right to act as "Agent" for the Association and in the Association's "best interests." Exh. 4 to Jeffrey Lessey Dep., dkt. # 14. This language suggests that defendant collected maintenance fees on behalf of the Association "incidental to a bona fide fiduciary obligation." If so, defendant would be exempt from debt collector status under 15 U.S.C. § 1692a(6)(F)(i). According to *Sphere Drake Insurance Limited v. American General Life Insurance Co.*, 376 F.3d 664, 672 (7th Cir.2004), "[A]gency is a fiduciary relationship in which the agent has the power to act on the principal's behalf." In addition, the *Restatement 2d Agency* § 13 states that "[a]n agent is a fiduciary with respect to matters within the scope of his agency." Because the language in the Timeshare Management Agreement designates the manager of the Peppertree at Tamarack property as the Association's agent and because agency creates a fiduciary relationship between the agent and the Association and defendant managed the property, I find that defendant was acting incidentally to a bona fide fiduciary obligation when it collected the mainte-nance fees on behalf of the Association. Therefore, defendant is exempt from debt collector status under 15 U.S.C. § 1692a(6)(F)(i).

**2. *15 U.S.C. § 1692a(6)(F)(iii)—debt not in default exemption***

Even if defendant were not exempt from debt collector status under 15 U.S.C. § 1692a(6)(F)(i), defendant is exempt from debt collector status under 15 U.S.C. § 1692a(6)(F)(iii) because it obtained the right to collect plaintiffs' debt at a time when that debt was not in default. I did not reach the question whether the debt was in default in the August 31, 2004 opinion and order because I concluded that defendant did not have the right to collect the debt under the Timeshare Management Agreement. Now that I have found to the contrary, I may address whether defendant is exempt under 15 U.S.C. § 1692a(6)(F)(iii).

It is undisputed that under the Timeshare Management Agreement, Peppertree Resorts Management, Inc. had the authority to send plaintiffs invoices for maintenance fees in December or January of each year from 1998 to 2002 and that plaintiffs paid those fees to Peppertree during that time. Dft.'s Supp. PFOF, dkt. # 31, ¶ 5; Plts.' Resp. to Dft.'s Supp. PFOF, dkt. # 39, ¶¶ 5–8; Exh. 4 to Jeffrey Lessey Dep., dkt. # 14. Furthermore, it is undisputed that defendant, through its subsidiary Fairfield Resort Management, managed the Peppertree at Tamarack property on behalf of the Peppertree at Tamarack Owners Association. Op. and Order, dkt. # 43, at 5–6. In addition, it is undisputed that in 1999 or 2000, defendant purchased Equivest, which had previously purchased Peppertree Resort Villas, Inc., a parent company of Peppertree Resorts Management, Inc. Op. and Order, dkt. # 43, at 3.

Before defendant even sent plaintiffs the July or December 2003 letters, plaintiffs had been receiving annual invoice letters from Peppertree Resorts Management, Inc. for the collection of maintenance fees. In fact, the December 2003 letter is an invoice for an outstanding balance of $650.13 and the *2004 annual maintenance fee of $474.36,* for a total of $1,124.49 owed to the Association. Exh. 3 to Lessey Dep., dkt. #14. Therefore, through its ownership of Peppertree Resorts Management, Inc., defendant had been collecting the annual maintenance fees on behalf of the Association before plaintiffs "missed" a payment in 2003. Plaintiffs paid the maintenance fees each year from 1998 to 2002 in response to invoices they received from Peppertree Resorts Management, Inc. (In late 2002, plaintiffs tried to cancel their timeshare contract and hired an attorney to help them with this matter. Op. and Order, dkt. #43, at 4–5. Defendant admits that it erred in sending the July and December 2003 invoices to plaintiffs and not to their attorney. However, one purpose of the invoices was to collect the annual maintenance fees, not to collect only the past due balances.)

Thus, the debt that defendant was attempting to collect in July and December 2003 was not in default. Defendant had acquired the right to collect that debt when it purchased Equivest in 1999 or 2000, before plaintiffs "missed" payment of the 2003 maintenance fees. *See also Hartman v. Meridian Financial Services, Inc.,* 191 F.Supp.2d 1031, 1044 (W.D.Wis.2002) (finding that according to contract between plaintiffs and Peppertree Resort Villas, Inc., timeshare holder is in "default" when he or she fails to make payment by its due date). "If the one who acquired the debt continues to service it, it is acting much like the original creditor that created the debt. On the other hand, if it simply acquires the debt for collection, it is acting more like a debt collector." *Schlosser,* 323 F.3d at 536 (Fair Debt Collection Practices Act treats assignees as debt collectors if debt sought to be collected was in default when acquired by assignee and as creditors if it was not) (citing *Wadlington v. Credit Acceptance Corp.,* 76 F.3d 103, 106–07 (6th Cir.1996) ("The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors ... or an assignee of a debt, as long as the debt was not in default at the time it was assigned.")). Therefore, I find that defendant is exempt from "debt collector" status under 15 U.S.C. § 1692a(6)(F)(iii). (Defendant argues that it is exempt also under 15 U.S.C. § 1692a(6)(F)(ii) because the debt originated with it when it purchased Equivest. Because I find that defendant is exempt from debt collector status under two other subsections of the Act, I do not need to explore this argument.)

Because defendant is exempt from debt collector status under 15 U.S.C. §§ 1692a(F)(i) and (iii), defendant did not violate the Act when it sent plaintiffs the July and December 2003 letters. I will grant defendant's motion for summary judgment and deny plaintiffs' motion as to plaintiffs' claim under the Fair Debt Collection Practices Act. This is permissible under Fed.R.Civ.P. 54(b) (any order that adjudicates fewer than all the claims is subject to revision at any time before entry of judgment adjudicating all the claims). I will revise the August 31, 2004 opinion and order to reflect the deletion of the order granting defendant's motion to amend the pleadings to allow a bona fide error defense, now that such an amendment is unnecessary.

## ORDER

IT IS ORDERED that

1. Defendant Fairfield Resorts, Inc.'s motion for summary judgment is GRANTED with respect to plaintiffs Alan and Debra Berndt's claim under the Fair Debt Collection Practices Act; plaintiffs' motion for summary judgment as to that claim is DENIED;

2. Defendant's motion for summary judgment is GRANTED with respect to the claim under the Wisconsin Consumer Act; plaintiffs' motion as to that claim is DENIED;

3. Defendant's motion to amend the pleadings to allow a bona fide error defense is DENIED as unnecessary;

4. Defendant's motion to strike plaintiffs' additional proposed findings of fact is DENIED as unnecessary;

5. The clerk of court is directed to enter judgment in favor of defendant and close this case.