United States Court of Appeals
Fifth Circuit

**F I L E D**

November 9, 2005

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 04-11486

CHRISTINE A. BAKER,

Plaintiff—Appellant,

versus

AMERICAN AIRLINES, INC.,

Defendant—Appellee.

Appeal from the United States District Court
for the Northern District of Texas

Before GARWOOD, CLEMENT, and PRADO, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge.

In a civil action involving claims of age discrimination and retaliation, the plaintiff appeals

various orders of the district court, including, *inter alia*, the grant of defendant's motion for summary

judgment. Finding no error, we affirm.

## I. FACTS AND PROCEEDINGS

Defendant-Appellee American Airlines, Inc. ("American") employed Plaintiff-Appellant

Christine A. Baker ("Baker") for nearly twenty years, until American terminated Baker's employment

in late September 2001. Baker filed a complaint against American in June 2003, in which she alleged

age discrimination, retaliation, and other employment-related claims. American answered in October,

-1-

and the parties submitted a Joint Status Report on November 17, 2003. The next day, the district court entered the Scheduling Order, which set out the close of discovery and the briefing schedule for summary judgment motions.[1] During the course of discovery, American filed two motions to compel. The district court granted both motions and, in both cases, awarded attorneys' fees as a sanction. In addition, during the discovery period, the district court granted, and awarded attorneys' fees for, American's motion for a protective order.

As the time to submit summary judgment motions approached, Baker had yet to initiate any discovery requests. American filed its motion for summary judgment on August 5, 2004. This date was the last available day for submission of summary judgment motions under the Scheduling Order. According to the local rules for the United States District Court for the Northern District of Texas, Baker had twenty days—until August 25, 2004—to respond to the motion. *See* N.D. Tex. L.R. 7.1(e).

In the Scheduling Order, the district court set the close of discovery at September 13, 2004. Therefore, in order to meet the deadline, all discovery had to be initiated by August 13, 2004. Baker made her first, and only, discovery request on August 12, 2004. American's responses to the requests were due more than two weeks *after* the due date of Baker's response to American's summary judgment motion. In addition, by agreement of the parties, Baker was scheduled to take the deposition of her supervisor on August 26, 2004.

---

[1]The district court ordered, *inter alia*, that all discovery be initiated in time to allow completion by September 13, 2004; that summary judgment motions be submitted 60 days prior to the Pre-Trial Conference; and that the Pre-Trial Conference be set for October 4, 2004.

On the day after her response to American's motion for summary judgment was due,[2] Baker filed a motion to extend the response time to September 13, 2004. The district court denied Baker's motion to extend the response time. Nevertheless, Baker filed a response to American's motion for summary judgment on September 8, 2004. On September 15, 2004, the district court granted American's motion for summary judgment. In its Memorandum Opinion and Order, the district court made clear that it considered Baker's untimely response in deciding American's motion for summary judgment, despite denying Baker's motion to extend the response time.

The district court entered final judgment in favor of American on September 15, 2004. Baker moved for a new trial, but the district court denied the motion on November 5, 2004. Baker filed her Notice of Appeal on December 8, 2004. Baker now appeals: (1) the grant of American's motion for summary judgment; (2) the denial of Baker's motion to extend the response time; and (3) the imposition of costs as sanctions.

## II. STANDARD OF REVIEW

This Court reviews a grant of summary judgment *de novo* and applies the same standards as the district court. *See Machinchick v. PB Power, Inc.*, 398 F.3d 345, 350 (5th Cir. 2005) (citing *Bryan v. McKinsey & Co., Inc.*, 375 F.3d 358, 360 (5th Cir. 2004)). A court may grant summary judgment when there are no genuine issues of material fact and the movant is entitled to a judgment as a matter of law. *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)). When a court considers a motion for summary judgment, it views "the evidence and all factual inferences from that

---

[2]Baker argues that she filed her motion to extend the response time on August 25, 2004, which was the day the response was due. However, as the district court observed, her motion was filed on August 26, 2005, one day after the response was due. Regardless, Baker untimely filed her response to American's motion for summary judgment.

evidence in the light most favorable to the party opposing the motion and all reasonable doubts about the facts are resolved in favor of the nonmoving litigant." *Id.* (quoting *Bryan*, 375 F.3d at 360).

This court reviews the denial of a motion under FED. R. CIV. P. 56(f) for abuse of discretion. *See Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 308 (5th Cir. 2004). The district court's imposition of attorneys' costs as sanctions is also reviewed for abuse of discretion. *O'Neill v. AGWI Lines*, 74 F.3d 93, 96 (5th Cir. 1996).

## III. DISCUSSION

### A. Summary Judgment

In her complaint, Baker asserted a host of employment-related claims. Because of the limited scope of Baker's proceeding before the Equal Employment Opportunity Commission ("EEOC"), Baker concedes, on appeal, that her claims are limited to age discrimination and retaliation.

### (1) Age Discrimination

In an age discrimination case such as this, which is based on circumstantial evidence, the parties must engage in a burden-shifting dialectic. *See Machinchick*, 398 F.3d at 350 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). The initial two steps of this scheme are satisfied by production of evidence; one need not persuade to shift the burden to the other party. *See Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004). Initially, the plaintiff must establish a *prima facie* case that establishes evidence of discriminatory treatment. *Machinchick*, 398 F.3d at 350. A claimant can establish a *prima facie* case:

> by showing that "(1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of discharge; and (4) he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age."

- 4 -

*Id.* (quoting *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 309 (5th Cir. 2004)). In response, the defendant can assert "a legitimate nondiscriminatory reason for its employment action." *Id.* If the defendant succeeds in articulating a nondiscriminatory reason, the plaintiff "must meet its ultimate burden of persuasion on the issue of intentional discrimination." *Id.* This may be achieved by demonstrating that the reason for the employment action is merely a pretext for discrimination. *Id.* At all times, the burden of persuasion falls on the plaintiff. *See Tyler v. Union Oil Co. of Cal.*, 304 F.3d 379, 395 (5th Cir. 2002).

Baker relied on American's Answer to establish that American terminated her employment while retaining other younger workers. American disputes Baker's interpretation and argues that no discriminatory intent was shown. Nonetheless, a plaintiff need only make a low showing to shift the burden, and it is arguably possible to construe the Answer as an admission that American retained younger employees. With the other elements being satisfied,[3] it is conceivable that Baker may have established a *prima facie* case and shifted the burden to American.

In response to this possible *prima facie* case, American points out that it terminated Baker pursuant to a company-wide ten percent reduction in force after the events of September 11, 2001. This response qualifies as a legitimate nondiscriminatory employment action, if true and not a pretext.

Because American has articulated a nondiscriminatory reason for its employment action, the next step of the analysis returns the burden to Baker. Moreover, this burden is one of persuasion, not merely production of evidence. *See Patrick*, 394 F.3d at 315–16 ("[A]fter a defendant employer

---

[3] The parties offered no argument that American terminated Baker, that Baker was qualified for the position, or that Baker is in the protected class. As a result, whether Baker has established a *prima facie* case turns on evidence of discriminatory intent. *See Machinchick*, 398 F.3d at 350 (quoting *Rachid*, 376 F.3d at 309).

has met its burden of production, an employee plaintiff, like any other civil plaintiff, must now demonstrate that there is a material issue of disputed fact as to discrimination, the ultimate question *vel non*."). Rather than offer any actual evidence of discrimination, Baker attempts to shift the burden onto American. Baker demands that American disprove her theory that the company-wide ten percent reduction in force was merely a pretext to discriminate against Baker, but the burden is Baker's. While this Circuit has stated that a "plaintiff may meet this burden by producing evidence tending to show that the reason offered by the defendant is pretext for discrimination," *Machinchick*, 398 F.3d at 350, Baker has produced no evidence on the pretext issue. Because she offered no evidence of either pretext or actual discrimination,[4] Baker's age discrimination claim cannot survive summary judgment.

**(2) Retaliation**

Similar to age discrimination claims, retaliation claims based on circumstantial evidence are developed through a burden-shifting construct. *See Septimus v. Univ. of Houston*, 399 F.3d 601, 610 (5th Cir. 2005). To establish a *prima facie* case for retaliation, an employee must show "1) that she engaged in a protected activity; 2) that an adverse employment action occurred; and 3) that a causal link existed between the protected activity and the adverse action." *Id*. (citing *Pineda v. United Parcel Service, Inc.*, 360 F.3d 483, 487 (5th Cir. 2004)). *See also Hockman v. Westward Commc'ns, LLC*, 407 F.3d 317, 330 (5th Cir. 2004). If the employee sets out a *prima facie* case, the burden shifts to the employer to "state a legitimate non-retaliatory reason for its action." *Septimus*, 399 F.3d at 610. After the employer states the reason, "any presumption of retaliation drops from

---

[4] Baker points out that the summary judgment briefing schedule concluded while the discovery period remained open. She claims this is the reason she has no evidence. However, as discussed in the next section, her claim is without merit and a problem of her own making.

the case" and the burden shifts back to the employee to show that the "stated reason is actually a pretext for retaliation." *Id.* at 610–11 (citing *Pineda*, 360 F.3d at 487).

Baker has failed to establish a *prima facie* case for her retaliation claim. She has identified no protected activity and no nexus to any such activity. An employee has engaged in a "protected activity" when she "opposed any . . . unlawful employment practice" within the definition of 42 U.S.C. § 2000e, or "has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" involving 42 U.S.C. § 2000e. 42 U.S.C. § 2000e-3. *See also Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 427–28 (5th Cir. 2000). Baker did not allege that she participated in any EEOC activity that qualifies as a protected activity.[5] In her brief, the sole argument is that her supervisor described Baker as "contentious," which Baker asserts meant that American terminated Baker for "standing up for her rights." Even if, as Baker asserts, the defense of her unarticulated "rights" qualifies as a protected activity,[6] Baker failed to show a nexus between this activity and the adverse employment action. In Baker's view, her supervisor "took Baker's activities into account" when evaluating her, and that "amounted to retaliation." This bald assertion, which lacks both citation to and support in the record, must fail in the face of American's evidence, which details the evaluation process and is supported by the record.

Even if Baker's allegations were enough to set out a *prima facie* case,[7] her retaliation claim

---

[5]Baker did file a charge with the EEOC. Filing a claim with the EEOC qualifies as a protected activity. *See Hockman*, 407 F.3d at 330. However, because Baker did not initiate the EEOC action until after her termination, it is irrelevant to her retaliation claim. *See Byers*, 209 F.3d at 428.

[6]Because of the subjective nature of the inquiry, *see Byers*, 209 F.3d at 428 (citing *Payne v. McLemore's Wholesale & Retail Stores*, 654 F.2d 1130, 1140 (5th Cir. 1981)), Baker may have *believed* that American's actions were prohibited under 42 U.S.C. § 2000e. Whether that belief was reasonable or not, is, ultimately, irrelevant because of the other failings in her argument.

[7]Baker's termination leaves no issue with respect to the adverse employment action element.

would fail for the same reason her age discrimination claim fails. American's company-wide ten percent reduction in force is a legitimate non-retaliatory reason for its employment action. Baker has not produced any evidence that this reason is a pretext. Her retaliation claim fails.

## B. Denial of Motion to Extend the Response Time

There is no dispute that the action proceeded according to the Scheduling Order entered by the district court at the action's outset. Also undisputed is the fact that Baker engaged in no discovery until the last days of the allotted period. Baker's discovery requests fell within the range of time allowed by the schedule but were too late to produce results for use in the summary judgment briefing. Baker's chief complaint is that the schedule set the deadline to respond to a motion for summary judgment before the close of discovery. The district court treated Baker's request to extend the response time as a motion under FED R. CIV. P. 56(f).[8] The district court's order is reviewed for abuse of discretion. *See Deep East Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d at 308.

Baker maintains that the district court abused its discretion in refusing to extend the response time in light of the fact that discovery was still open. Baker's argument fails because "Rule 56 does not require that *any* discovery take place before summary judgment can be granted." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) (emphasis added). As a result, in a motion to extend the time to respond to a motion for summary judgment, the simple claim that discovery has not closed is insufficient. A trial court cannot rule on a summary judgment motion where adequate discovery has been denied a party, *see Brown v. Miss. Valley State Univ.*, 311 F.3d 328, 333 (5th Cir.

---

[8]Baker resists the Rule 56(f) treatment but cites no authority in support of her position.

2002), but any party claiming the need for additional discovery[9] to defend against a motion for summary judgment must make a sufficient showing under FED R. CIV. P. 56(f), *see id.* at 333 n.5.

For a party to mandate relief under Rule 56(f), the party must show "both why it is currently unable to present evidence creating a genuine issue of fact and how a continuance would enable the party to present such evidence. The . . . party may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts in opposition to summary judgment." *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 719–20 (5th Cir. 1999) (internal citations and quotations omitted). Baker argues that the extension would not be oppressive or disruptive to the trial process, but she has not made the required showing under Rule 56(f) to merit the requested relief. Moreover, another criteria for relief under Rule 56(f) is that the movant must have exercised due diligence in discovery. *See Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992) ("[T]he trial court need not aid non-movants who have occasioned their own predicament through sloth."). Again, Baker's actions justify denial of the requested relief. Baker did not initiate discovery until the last days of the allotted time. By that time, any responses were not required until after the summary judgment briefing schedule was completed. Baker knew (or should have known) the briefing schedule and the discovery period. Nevertheless, she failed to act diligently in the pursuit of evidence. Her problem is one of her own making; Rule 56(f) precludes appellate relief in this situation.

As Baker points out, the district court could have granted the additional time to respond. However, given the wide latitude in discovery and the fact that the parties were (or should have been)

---

[9]Baker complains that she had not asked for "additional" discovery because the discovery period was still open. This is true. However, because she had ample time to initiate discovery and Rule 56 does not require any discovery, this distinction is irrelevant.

aware of the schedule and its implications, the district court was within its discretion to enforce the schedule and deny an extension of time to respond. Ultimately, Baker did not articulate a sufficient showing to demand relief under the Federal Rules of Civil Procedure.

**C.     Attorneys' Fees as Sanctions**

It appears from the briefs and the district court's orders that Baker abused the discovery process by either attempting to evade or ignoring the Federal Rules of Civil Procedure. Baker's main claim is that, before the district court imposes costs, it is obligated to consider a lesser form of sanction. However, as American points out, the Court must consider a lesser form of sanction only when dismissal, as opposed to costs, is the sanction. *Compare Bann v. Ingram Micro, Inc.*, 108 F.3d 625, 627 (5th Cir. 1997) (imposing the requirement for dismissal with prejudice) *with O'Neill*, 74 F.3d at 96 (imposing no requirements for costs). As before, given the discretion afforded the trial court and Baker's repeated discovery violations, the district court's sanctions orders need not be reversed.

## IV.  CONCLUSION

Finding no error, we AFFIRM.