United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 19, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-20253
Summary Calendar

MARK L. SUDA,

                                        Plaintiff-Appellant,

versus

BP CORPORATION NORTH AMERICA, INC.,
doing business as BP America, Inc.,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CV-95
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Mark L. Suda, a former employee of BP Corporation North America, Inc., appeals from the district court's summary judgment for BP, concluding that Suda's state-law claims of fraud and misrepresentation were preempted by the Employee Retirement Income Security Act (ERISA) and that Suda failed to exhaust his administrative remedies under the plan. See 29 U.S.C. §§ 1132(a), 1144(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

After BP terminated Suda's position in April 2003, Suda filed this lawsuit in Texas state court, alleging that a BP official had misrepresented to him that all of the years he had worked for BP, its predecessor Amoco Corporation, and any BP or Amoco affiliate would be credited to him. BP removed the action to federal district court, arguing ERISA preemption. In concluding that Suda's state-law claims were preempted by ERISA, the district court determined that: Suda was seeking relief under the "2003 BP Severance Benefits Plan" (BP Plan); Suda was eligible for a severance allowance and other benefits under the BP Plan; he failed to sign the Employee Termination Agreement that was necessary for participation in the BP Plan; and Suda had not exhausted the administrative remedies under the Plan. The court concluded that the BP Plan was an ERISA "employee benefit plan" and that ERISA completely preempted Suda's state-law claims.

Suda argues, for the first time, that the BP Plan was not an ERISA "plan" at all, because it entitled him to receive a single lump-sum payment, was not "complex," and did not require an "ongoing administrative program" or scheme. This argument amounts to a contention that the district court lacked subject-matter jurisdiction to consider his state-law claims, because the existence of an ERISA "plan" is required for federal subject-matter jurisdiction. See Tinoco v. Marine Chartering Co., 311 F.3d 617, 623 (5th Cir. 2002). The existence of subject-matter

jurisdiction may be raised at any time, and we will examine that issue for the first time on appeal.  <u>See</u> <u>Giles v. NYLCare Health Plans, Inc.</u>, 172 F.3d 332, 336 (5th Cir. 1999).

Suda relies on a line of authority including <u>Fontenot v. NL Industries, Inc.</u>, 953 F.2d 960 (5th Cir. 1992), and <u>Fort Halifax Packing Co. v. Coyne</u>, 482 U.S. 1 (1987), for the proposition that the BP plan is not an ERISA "plan."  In <u>Fontenot</u> and other Fifth Circuit decisions, we have held that certain severance-payment arrangements did not qualify as ERISA "plans" when they involved single payments triggered by events that "may never materialize," were not "ongoing" programs, and did not require "administrative schemes."  <u>See</u> <u>Tinoco</u>, 311 F.3d at 618-23; <u>Fontenot</u>, 953 F.2d at 961-63; <u>Wells v. General Motors Corp.</u>, 881 F.2d 166, 168, 176 (5th Cir. 1989).  Each of these decisions relied heavily on the guidance of <u>Fort Halifax</u>.  <u>Tinoco</u>, 311 F.3d at 622-23; <u>Fontenot</u>, 953 F.2d at 962-63; <u>Wells</u>, 811 F.2d at 175-76.

In contrast to the plan in <u>Fontenot</u> and the language of <u>Fort Halifax</u>, the BP Plan, although establishing a seemingly simple formula for determining the severance allowance for which a terminated BP employee was eligible, made that allowance subject to a variety of deductions that complicated the calculation of the severance allowance.  It also provided non-trivial criteria for determining employee eligibility.  Moreover, the BP Plan Administrator had wide discretion and the Plan provided for a two-level administrative claims procedure.  Furthermore, the BP

Plan provided more than a one-time severance payment, it provided ongoing health and life insurance, relocation, and educational aid. BP had to do more than "write a check." Cf. Fort Halifax, 482 U.S. at 12; Tinoco, 311 F.3d at 623. All of this required an "ongoing administrative scheme," albeit a modest one.

Accordingly, we conclude that the BP Plan is an "employee benefit plan" under ERISA, and we affirm the district court's conclusion that ERISA preempts Suda's state-law claims of fraud and misrepresentation and that Suda failed to exhaust his administrative remedies under the BP Plan.

Suda also argues that the district court abused its discretion in granting summary judgment because he had not yet had an opportunity to depose the BP official who allegedly made the misrepresentations to him. However, that testimony would have been irrelevant to the issue of ERISA preemption. Consequently, the district court did not abuse its discretion. See Baker v. American Airlines, Inc., 430 F.3d 750, 756 (5th Cir. 2005).

AFFIRMED.