United States Court of Appeals
Fifth Circuit

**F I L E D**

June 25, 2007

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 06-31278
Summary Calendar

EUGENE BARBER,

Plaintiff-Appellant,

versus

THE SHAW GROUP, INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of Louisiana
(3:05-CV-211)

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Pursuant to a consulting company's recommendation that Shaw Group, Inc. (Shaw) reduce personnel by approximately 30 percent, Eugene Barber was laid off from his position as a pipefitter. Barber filed this action, raising state and federal age-discrimination claims and state breach-of-contract and abuse-of-rights claims. The district court granted Shaw's summary-judgment motion, dismissing the federal age-discrimination claim with prejudice, the state-law claims without prejudice.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The federal age-discrimination claim is the only subject of this appeal. In contesting the summary judgment on that claim, Barber maintains the district court improperly applied our burden-shifting analysis. Essentially for the reasons stated by the district court, we affirm.

A summary judgment is reviewed *de novo*, applying the same standard as the district court. *E.g.*, **Coleman v. New Orleans and Baton Rouge S.S. Pilots' Ass'n**, 437 F.3d 471, 478 (5th Cir.), *cert. denied*, 126 S. Ct. 2970 (2006). The evidence is considered in the light most favorable to the nonmovant. *E.g.*, **Richardson v. Monitronics Int'l, Inc.**, 434 F.3d 327, 332 (5th Cir. 2005). Summary judgment is proper if there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c).

Barber bore the initial burden of presenting a *prima facie* case of age discrimination by showing: (1) he is a member of a protected class; (2) he was qualified for his position; (3) he was discharged; and (4) he was either (a) replaced by someone outside the protected class; (b) replaced by someone younger; or (c) otherwise discharged because of age. **Baker v. Am. Airlines, Inc.**, 430 F.3d 750, 753 (5th Cir. 2005). Barber claims to have met his burden by being: a member of a protected class; qualified as a pipefitter; laid off; and the subject of comments by the foreman of his group that he would be terminated soon "because [he was] an old

2

man and getting close to retirement age". As did the district court, we assume Barber satisfied this burden.

Shaw then bore the burden of presenting a legitimate, nondiscriminatory reason for the termination. *Id*. It did so by providing evidence that: Barber was laid off pursuant to a significant workforce reduction; and, although he was qualified for his position, another worker was retained because he, unlike Barber, was multi-skilled. *See EEOC v. Texas Instruments Inc.*, 100 F.3d 1173, 1181 (5th Cir. 1996) ("In the context of a reduction in force, which is itself a legitimate, nondiscriminatory reason for discharge, the fact that an employee is qualified for his job is less relevant — some employees may have to be let go despite competent performance.").

The district court properly held that, after Shaw established a legitimate, nondiscriminatory reason for the lay off, Barber was required, pursuant to his ultimate burden of persuasion on the issue of intentional discrimination, to demonstrate a genuine issue of material fact on whether the reason for termination presented by Shaw is merely a pretext for discrimination or is only one of the reasons for its action. *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004). Contrary to Barber's contentions, the district court did *not* require him to disprove Shaw's articulated reasons; he was required only to provide evidence sufficient to

3

create a material fact issue on whether his termination was motivated by age.

Barber failed to meet this burden. He does *not* create the requisite material fact issue on whether Shaw's articulated reasons for the reduction in force and Barber's relative lack of qualifications were false and a pretext for discrimination. He was not released in the first found of lay-offs; rather, it was not until Shaw was required to reduce the number of maintenance shop employees that he was discharged. Furthermore, the one age-related remark by a supervisor cannot create a material fact issue on whether Shaw's decision was motivated by age discrimination. The foreman who made the remark did *not* have authority over the employment decision at issue, and he was reprimanded for making it. *See **Krystek v. Univ. of S. Miss.***, 164 F.3d 251, 256 (5th Cir. 1999) (for a comment in the workplace to "provide sufficient evidence of discrimination", it must be, *inter alia*, "made by an individual with authority over the employment decision at issue").

***AFFIRMED***

4