IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 30, 2008

Charles R. Fulbruge III
Clerk

No. 07-11089
Summary Calendar

TUYET LONGORIA

Plaintiff-Appellant

v.

MICHAEL CHERTOFF, SECRETARY, DEPARTMENT OF HOMELAND
SECURITY; U.S. INVESTIGATIONS SERVICES, Professional Services
Division Inc

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CV-604

Before SMITH, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Tuyet Longoria primarily contests the summary judgment awarded
against her claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §
2000e, et seq.

Longoria filed this action following her employment termination, claiming
it was based on her race, color, and national origin, and in retaliation for her

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

previous EEO discrimination complaint. Defendants moved for summary judgment under Federal Rule of Civil Procedure 56, asserting: the reason for Longoria's termination was because all employees in her office were laid off; and she was terminated before her sole remaining co-worker because Longoria had a disciplinary charge in her record, while the other did not. Longoria moved to compel discovery, and for a continuance of summary-judgment proceedings under Rule 56(f). She maintained that "full comparative performance information for her peers", requested in her motion to compel, could create a genuine issue of material fact on whether discrimination and retaliation were the true reasons Longoria was fired. The district court granted the summary-judgment motion, ruling Longoria failed to establish a material fact issue.

A summary judgment is reviewed de novo, applying the same standard as the district court. E.g., Wheeler v. BL Dev. Corp., 415 F.3d 399, 401 (5th Cir. 2005). Such judgment is appropriate if there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c). "We resolve doubts in favor of the nonmoving party and make all reasonable inferences in favor of that party." Dean v. City of Shreveport, 438 F.3d 448, 454 (5th Cir. 2006). No genuine issue of material fact exists if the summary-judgment evidence is such that no reasonable juror could find in favor of the nonmovant. E.g., Jenkins v. Methodist Hosps. of Dallas, Inc., 478 F.3d 255, 260 (5th Cir.), cert. denied, 128 S. Ct. 181 (2007). Essentially for the reasons stated by the district court, summary judgment was proper.

As an initial matter, Longoria contends the district court abused its discretion in failing to grant her motions to compel discovery and for a Rule 56(f) continuance. See Adams v. Travelers Indem. Co. of Conn., 465 F.3d 156, 161 (5th

Cir. 2006) (reviewing Rule 56(f) ruling for abuse of discretion); Moore v. Willis Indep. Sch. Dist., 233 F.3d 871, 876 (5th Cir. 2000) (stating discovery rulings are reviewed for abuse of discretion). To obtain a Rule 56(f) continuance, Longoria was required to specifically explain "both why [she] is currently unable to present evidence creating a genuine issue of fact and how a continuance would enable [her] to present such evidence". Baker v. Am. Airlines, Inc., 430 F.3d 750, 756 (5th Cir. 2005) (citation and internal quotation marks omitted). Longoria did not meet her burden of demonstrating how evidence of her co-workers' performance could create a genuine issue of material fact on the reasons for her termination. Accordingly, the district court did not abuse its discretion in failing to grant her motions.

Longoria maintains summary judgment was not proper because evidence of her "previously-sterling performance" creates a genuine issue of material fact on whether the true reasons for her termination were discrimination and retaliation. See, e.g., Rachid v. Jack in the Box, Inc., 376 F.3d 305, 312 (5th Cir. 2004) (explaining burden on plaintiff in McDonnell Douglas framework); see also Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 143, 147 (2000) (holding jury can infer discrimination from plaintiffs' showing defendant's proffered reason for the adverse employment action is pretextual). Longoria does not, however, dispute: the Department of Homeland Security informed United States Investigations Services that layoffs were necessary (and layoffs of all the office's employees occurred); or that she had a disciplinary charge in her record, while the remaining employee did not. The district court, assuming arguendo Longoria could establish a prima facie case of discrimination or retaliation, correctly concluded she failed to establish her performance – even if

3

inconsistent with the disciplinary charge – raises a genuine issue of material fact on whether Defendants' proffered legitimate, non-discriminatory reasons for her termination were false. See Grimes v. Tex. Dep't of Mental Health & Mental Retardation, 102 F.3d 137 (5th Cir. 1996) (affirming summary judgment for employer).

AFFIRMED.