# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-30696

JONATHAN RABURN,

       Plaintiff–Appellant,

v.

COMMUNITY MANAGEMENT, L.L.C.,

       Defendant–Appellee.

United States Court of Appeals
Fifth Circuit

**FILED**

February 11, 2019

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:17-CV-155

Before CLEMENT, OWEN, and HO, Circuit Judges.

PER CURIAM:[*]

Jonathan Raburn appeals the district court's grant of summary judgment in favor of Community Management, L.L.C (Community). The district court held that Raburn's claims fail because Community is not a debt collector. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30696

**I**

Community is a property management company that manages homeowner's associations. In March 2016, Community entered into an Association Management Agreement (Agreement) with the Colony Homeowner's Association, Inc. (the Colony). The Agreement provides that Community is authorized to act on behalf of the Colony in all matters affecting the management of its homeowner's association. The Agreement sets forth sixteen different management, community, and enforcement services that Community provides the Colony, including "Collection Services."

Jonathan Raburn is a member of the Colony. As a member, he is required to pay monthly assessments. Raburn refused to pay some of the assessments. He claims that he stopped paying the assessments because the service for which he was billed—lawn maintenance—was not being performed. In March 2017, Community sent Raburn a letter advising him of the debt he allegedly owed. The letter provided that the Colony, through its agent, might place a lien on his property due to his non-payment. In May and June 2017, Community sent substantially similar letters to Raburn.

In response, Raburn sued Community alleging various violations of the Fair Debt Collection Practices Act (FDCPA). Community moved for summary judgment, arguing that the FDCPA is not applicable because Community is not a debt collector. The district court agreed and granted summary judgment in Community's favor.[1] Raburn appeals.

**II**

"The FDCPA makes it unlawful for debt collectors to use abusive tactics while collecting debts for others."[2] A "debt collector" is "any person who uses

---

[1] *Raburn v. Wiener, Weiss & Madison*, No. 17-155-JWD-RLB, 2018 WL 2107188, at *6 (M.D. La. May 7, 2018).

[2] *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985).

No. 18-30696

any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."[3]    Section 1692a(6)(F) excludes the following from debt collector status:

> any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.[4]

The district court granted summary judgment, holding that Community is not a debt collector because it falls under § 1692a(6)(F)'s exclusion for a person collecting a debt incidental to a bona fide fiduciary obligation.[5]  "We review a grant of summary judgment de novo, applying the same standard as the district court."[6]  Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[7]

## A

Under § 1692a(6)(F)(i), the exclusion at issue in this case, a person is not a debt collector if (1) the person has a bona fide fiduciary obligation, and (2) its debt collection is incidental to that fiduciary obligation.[8]  Raburn attempts to add a third requirement—that the debt must not be in default when the

---

[3] 15 U.S.C. § 1692a(6).

[4] *Id.* § 1692a(6)(F).

[5] *Raburn*, 2018 WL 2107188, at *6.

[6] *Haverda v. Hays County*, 723 F.3d 586, 591 (5th Cir. 2013) (citing *Vaughn v. Woodforest Bank*, 665 F.3d 632, 635 (5th Cir. 2011)).

[7] *Id.* (quoting FED. R. CIV. P. 56(a)).

[8] 15 U.S.C. § 1692a(6)(F)(i).

No. 18-30696

fiduciary obligation is created.  He argues that "if the debt is in default when the debt is assigned, the entity that receives and attempts to collect it[] becomes a debt collector subject to liability of the FDCPA."

Raburn relies on *Perry v. Stewart Title Co.,* in which we stated that "[t]he legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned."[9]  *Perry* was considering the effect of § 1692a(6)(F)(iii)'s exclusion,[10] which states that a person collecting a debt for another is not a debt collector if the collection activity "concerns a debt which was not in default at the time it was obtained by such person."[11]  Here, the district court relied on § 1692a(6)(F)(i)'s exclusion,[12] so *Perry* is not applicable.  Community need not meet each of § 1692a(6)(F)'s subsections to be excluded from debt collector status.  Community can be excluded because of a bona fide fiduciary obligation "or" because the debt was not in default when Community obtained it.[13]

That Community entered into the Agreement after Raburn defaulted on his debt is of no consequence so long as Community shows its debt collection activity is incidental to a bona fide fiduciary obligation.  We agree with the district court that Community met its burden.

**1**

Community has a bona fide fiduciary obligation to collect debt.  The Agreement provides that Community will perform collection activities for past due assessments.  The Agreement also provides that Community is authorized

---

[9] 756 F.2d 1197, 1208 (5th Cir. 1985).

[10] *See id.*

[11] 15 U.S.C. § 1692a(6)(F)(iii).

[12] *Raburn v. Wiener, Weiss & Madison,* No. 17-155-JWD-RLB, 2018 WL 2107188, at *4 (M.D. La. May 7, 2018).

[13] 15 U.S.C. § 1692a(6)(F).

4

to act on behalf of the Colony in all matters affecting the management of its homeowner's association. Under Louisiana law, which governs, the Agreement is a mandate—"a contract by which a person, the principal, confers authority on another person, the mandatary, to transact one or more affairs for the principal."[14] In a mandate, "[t]he mandatary is bound to fulfill with prudence and diligence the mandate he has accepted."[15] "Therefore, it follows that a mandatary owes fiduciary duties to the principal."[16] Community had a fiduciary obligation to collect past due assessments.

Raburn does not argue that Community does not have a fiduciary duty to collect payments but instead argues that Community does not have a duty to collect debts that were already in default when the Agreement was made. Raburn solely relies on *Sanz v. Fernandez*,[17] an out-of-circuit district court case. The district court in *Sanz* was ruling on a motion to dismiss and thus accepted the plaintiff's alleged facts as true.[18] The plaintiff did not allege that defendants owed a fiduciary obligation to the plaintiff, so the court held that § 1692a(6)(F)(i)'s fiduciary duty exclusion did not apply.[19] Here, the Agreement establishes a fiduciary duty and provides that Community will perform collection activities for past due assessments, regardless of when they became delinquent.

**2**

Although § 1692a(6)(F)(i) does not impose a requirement that a debt be incurred after the bona fide fiduciary obligation is created, the collection must

---

[14] *D & J Tire, Inc. v. Hercules Tire & Rubber Co.*, 598 F.3d 200, 207 (5th Cir. 2010) (quoting LA. CIV. CODE ANN. art. 2989).

[15] *Id.* (quoting LA. CIV. CODE ANN. art. 3001).

[16] *Id.* (citations omitted).

[17] 633 F. Supp. 2d 1356 (S.D. Fla. 2009).

[18] *Id.* at 1359.

[19] *Id.* at 1362.

be "incidental" to the fiduciary obligation.[20]   Several sister courts have held that debt collection activities are incidental only if they are not central to, or the primary purpose of, an entity's fiduciary obligations.[21]    Here, the undisputed evidence shows that debt collection was one of Community's sixteen obligations.  Community provided evidence that its "primary purpose is not the collection of debts."  Raburn finds that "hard to believe" but failed to produce any controverting evidence.[22]  We agree with the district court that Community's debt collection was incidental to its bona fide fiduciary obligations.  As the district court noted, this holding aligns with one sister court and numerous district courts that have held that property management companies are not debt collectors because of their fiduciary obligation.[23]

## B

Even if one of § 1692a(6)(F)'s exclusions applies, a creditor is still considered a debt collector if the creditor, "in the process of collecting *his own debts*, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts."[24]  Raburn argues that Community falls under this "false name exception" because it used deceptive letters under a different name to collect late dues.  The district court held that

---

[20] 15 U.S.C. § 1692a(6)(F)(i).

[21] *Harris v. Liberty Cmty. Mgmt., Inc.*, 702 F.3d 1298, 1302 (11th Cir. 2012); *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1034 (9th Cir. 2009); *Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373, 377-78 (4th Cir. 2006).

[22] *Contra* FED. R. CIV. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by[] citing to particular parts of materials in the record.").

[23] *See Harris*, 702 F.3d at 1302; *Taylor v. Precision Prop. Mgmt.*, No. 1:14-cv-75, 2015 WL 1756981, at *10 (W.D. Mich. Apr. 17, 2015); *Johnson v. Young*, No. 2:06-cv-818, 2007 WL 2177956, at *3 (S.D. Ohio July 27, 2007); *Reynolds v. Gables Residential Servs., Inc.*, 428 F. Supp. 2d 1260, 1264 (M.D. Fla. 2006); *Berndt v. Fairfield Resorts, Inc.*, 339 F. Supp. 2d 1064, 1068 (W.D. Wis. 2004).

[24] 15 U.S.C. § 1692a(6) (emphasis added).

No. 18-30696

Raburn failed to show that Community was collecting its own debts, rather than debts owed to the Colony.[25]  We agree.

Raburn primarily relies on *Fleming v. Greystar Management Services, L.P.*,[26] another out-of-circuit district court case, to argue that property management companies that send deceptive letters fall under the false name exception.  Raburn's reliance on *Fleming* is misplaced.  In *Fleming*, it was "undisputed that [the alleged debt collector] [was] a first-party creditor with respect to the [plaintiff]."[27]  Even if *Fleming* was authoritative, it would still not apply because Community is not a first-party creditor to Raburn.   When Community sent Raburn the collection letter, it was attempting to collect the Colony's debt, not its own.  Raburn has produced no evidence that he was indebted to Community.

Raburn also argues that Community is a creditor because it "stands in the shoes" of the Colony.  That language comes from *Johnson v. Young*.[28] *Johnson* held that the defendant, as a property manager, stood in the shoes of the property owner and thus fell within § 1692(a)(6)(F)'s fiduciary obligation exclusion.[29]  *Johnson* did not address the false name exception.  Further, § 1692a does not provide that a fiduciary stands in the shoes of its principal or inherits the debts of its principal.  As the district court noted, "to hold that the false name exception applies in this case would be to hold that Community improperly used the Colony's name in collecting debts ultimately owed to the Colony."[30]  We agree that Raburn's debt is owed to the Colony, not Community.

---

[25] *Raburn v. Wiener, Weiss & Madison*, No. 17-155-JWD-RLB, 2018 WL 2107188, at *5 (M.D. La. May 7, 2018).

[26] No. 2:15-CV-00174-SMJ, 2016 WL 4491846 (E.D. Wash. Aug. 25, 2016).

[27] *Id.* at *1.

[28] No. 2:06-cv-818, 2007 WL 2177956, at *3 (S.D. Ohio July 27, 2007).

[29] *Id.*

[30] *Raburn*, 2018 WL 2107188, at *6.

No. 18-30696

Thus, Community does not qualify as a creditor collecting its own debt, and § 1692(a)(6)(F)'s fiduciary obligation exclusion applies.

### III

Raburn also argues that the district court should have delayed ruling on summary judgment until discovery was completed. "Courts are authorized under Rule 56(d) to defer ruling on a summary judgment motion and allow discovery, but 'Rule 56 does not require that *any* discovery take place before summary judgment can be granted.'"[31] "[D]eferring summary judgment and ordering discovery is appropriate only if the 'nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition.'"[32] We review a district court's denial of discovery for abuse of discretion.[33]

Raburn's response to Community's summary judgment motion argued that "[s]ummary [j]udgment is not appropriate when discovery is still outstanding." But he never sought relief under Rule 56(d). Thus, he cannot argue that the district court abused its discretion.[34] Further, even if Raburn complied with Rule 56(d)'s procedural requirements, he did not adequately "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent

---

[31] *Mendez v. Poitevent*, 823 F.3d 326, 336 (5th Cir. 2016) (quoting *Baker v. Am. Airlines, Inc.*, 430 F.3d 750, 756 (5th Cir. 2005)).

[32] *Id.* (quoting FED. R. CIV. P. 56(d)).

[33] *Id.* at 331; *see also Baker*, 430 F.3d at 753.

[34] *See Potter v. Delta Air Lines, Inc.*, 98 F.3d 881, 887 (5th Cir. 1996) ("If [plaintiff] needed more discovery in order to defeat summary judgment, it was up to her to move for a continuance pursuant to rule 56([d]). Because she did not, she is foreclosed from arguing that she did not have adequate time for discovery."); *Ferrant v. Lowe's Home Ctrs., Inc.*, 494 F. App'x 458, 463 (5th Cir. 2012) (per curiam) ("Although [Plaintiff's] response to . . . summary judgment . . . stated that '[d]iscovery is not complete in this case,' she never sought relief under Rule 56(d). As [Plaintiff] did not seek such relief, she cannot argue that the district court erred in granting summary judgment without allowing for sufficient discovery.").

No. 18-30696

facts, if adduced, will influence the outcome" of the case.[35]   Nor did he demonstrate that he "diligently pursued discovery" prior to the summary judgment motion.[36]  The district court did not abuse its discretion in granting summary judgment without allowing further discovery.

*     *     *

For the foregoing reasons, we AFFIRM the district court's judgment.

---

[35] *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (citation omitted).

[36] *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 700 (5th Cir. 2014) (quoting *Beattie v. Madison Cty. Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001)).