NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BOOKIT OY,**

*Plaintiff-Appellant*

**v.**

**BANK OF AMERICA CORPORATION, BANK OF AMERICA, N.A.,**

*Defendants-Appellees*

---

2019-2142

---

Appeal from the United States District Court for the Northern District of Texas in No. 3:17-cv-02577-K, Judge Ed Kinkeade.

---

Decided:  July 14, 2020

---

SCOTT COLE, McKool Smith, PC, Austin, TX, argued for plaintiff-appellant.  Also represented by JOEL LANCE THOLLANDER; TRAVIS EDWARD DEARMAN, RICHARD ALAN KAMPRATH, Dallas, TX.

GEORGE C. LOMBARDI, Winston & Strawn LLP, Chicago, IL, argued for defendants-appellees.  Also represented by SAMANTHA MAXFIELD LERNER, MARY T. MCCARTHY; DUSTIN JAMES EDWARDS, Houston, TX;

KATHERINE MARCOM, Dallas, TX; EIMERIC REIG-PLESSIS, San Francisco, CA.

———————————

Before NEWMAN, LOURIE, and SCHALL, *Circuit Judges*.

LOURIE, *Circuit Judge*.

BookIT Oy ("BookIT") appeals from a decision of the United States District Court for the Northern District of Texas, entering judgment of noninfringement of U.S. Patents 8,589,194 (the "'194 patent") and 9,177,268 (the "'268 patent") pursuant to the parties' stipulation following the court's claim construction order. *See BookIT Oy v. Bank of America Corp.*, No. 3-17-cv-02577-K (N.D. Tex. Jun. 3, 2019), ECF No. 196; *BookIT Oy v. Bank of America Corp.*, No. 3-17-cv-02577-K (N.D. Tex. Oct. 15, 2018), ECF No. 115 ("*Claim Construction Order*"). Because we discern no error in the district court's claim construction order and BookIT fails to show that the district court otherwise abused its discretion, we affirm.

## BACKGROUND

The patents-in-suit share a specification that discloses "a method and system for booking a reservation in a booking system and synchronizing bookings." '194 patent col. 1 ll. 18–20; *see also id.* col. 3 ll. 40–42 ("The invention relates to exchanging and synchronizing information between booking systems and user terminal devices."). The specification offers "booking appointments for health services; booking travel reservations for hotels, airlines, and rental cars; booking tickets for venues; booking appointments for vehicle maintenance; [and] booking maintenance for apartments" as examples of "bookings" with which the invention is concerned. *Id.* col. 1 ll. 56–60.

Relevant to this case, individuals make bookings with "service providers," who "are those with whom clients want to make appointments, reservations, or other bookings and

comprise the resources for the booking system to allocate," *id.* col. 3 ll. 55–57. The specification explains that the service providers use a "mediator" service, which, as used in the application, "is a network based service available to the service provider booking services over the network that provides additional semantics, translation and synchronization services needed for communication of the information needed for a client to complete a transaction with a service provider." *Id.* col. 3 ll. 59–64. Claim 1 of the '194 patent is representative[1]:

> 1. A computer program product comprising a non-transitory recording medium, having encoded thereon a computer readable program executable by a computer, for performing functions of a mediator for controlling communications between a service provider and a client terminal device having a client identifier address, where communications between the service provider and the client terminal device use technology in which a reply to an inquiry does not automatically include an explicit reference to the inquiry, the mediator functions comprising:
>
> preparing at least one inquiry message pertaining to the *service provider*, the at least one inquiry message including a choice selection inquiry: associating a particular reply address to the at least one inquiry message, the particular reply address being selected from a plurality of addresses at which the *mediator* receives communications regarding

---

[1]    BookIT does not "present[] any meaningful argument for the distinctive significance of any claim limitations other than those included in [claim 1 of the '194 patent]," so we treat that claim as representative. *Elec. Power Grp., LLC, v. Alstom, S.A.*, 830 F.3d 1350, 1352 (Fed. Cir. 2016).

the service provider; sending the at least one inquiry message to the client terminal device;

receiving, from the client terminal device, a reply to the at least one inquiry message at the particular reply address associated with the received reply, the received reply including the client identifier address and a choice selection; determining the choice selection in the received reply:

identifying the at least one inquiry message that the client has responded to based on the particular reply address at which the received reply is received; and

storing information pertaining to the received reply including the client identifier address, the reply address and information indicating the choice selection, wherein the storing information includes relating the client identifier address, the reply address and information indicating the choice selection, wherein the client identifier address, reply address and information indicating the choice selection are related to one another by storing the client identifier address, reply address and information in a multi-dimensional data structure.

'194 patent col. 12 ll. 26–65 (emphases added).

BookIT asserted the patents against Bank of America Corporation and Bank of America N.A. (collectively, "Bank of America") in the Northern District of Texas in September 2017, contending that Bank of America's mobile banking applications provide automated alerts to users and thus infringe BookIT's patents. Under BookIT's original infringement contentions, Bank of America is the service provider, and its mobile banking application is the mediator program, as required by the claims. J.A. 6290.

The parties disagreed about the constructions of "service provider" and "mediator." BookIT argued for broader,

plain meaning definitions, and Bank of America asserted that each term is instead limited to the narrower definitions set forth in the specification. The district court agreed with Bank of America and issued an order construing "service provider" as "a provider of services with whom clients want to make appointments, reservations, or bookings that comprises the resources for an appointment, reservation, or booking system to allocate;" *Claim Construction Order*, slip op. at 12. The court construed "mediator" as "a networked based service available to the service provider booking services over the network that provides additional semantics, translation and synchronization services needed for communication of the information needed for a client to complete a transaction with a service provider." *Id.*, slip op. at 16.

BookIT then served amended contentions, adding first as an "[a]lternative" theory that the "service provider" is not Bank of America, but "a third party provider of services with whom clients want to make appointments, reservations, or bookings," and, second, that Bank of America is the "service provider" even under the district court's construction because it acts as "reservation engine" when users want to complete banking transactions through the mobile application. J.A. 6293. The district court struck the amended contentions as untimely and not allowed by Local Rules 3-6 and 3-7, **[J.A. 59]** and when BookIT later served an expert report elaborating on the "reservation engine" theory, the district court struck the report for the same reason. **[J.A. 62–63]** The parties then stipulated to entry of judgment of noninfringement contingent on BookIT's right to appeal. J.A. 2, 6571.

This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

### DISCUSSION

We review a district court's grant of summary judgment according to the law of the regional circuit. *Kaneka*

*Corp. v. Xiamen Kingdomway Grp. Co.*, 790 F.3d 1298, 1303 (Fed. Cir. 2015) (citing *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 769 F.3d 1371, 1377 (Fed. Cir. 2014)). In the Fifth Circuit, summary judgment is reviewed *de novo, Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Baker v. Am. Airlines*, 430 F.3d 750, 753 (5th Cir. 2005)), and is appropriate when, viewing the evidence in favor of the non-movant, there is no genuine dispute of material fact. *Triple Tee*, 485 F.3d at 261.

Claim construction is an issue of law, which we review *de novo. Shire Dev., LLC v. Watson Pharm., Inc.*, 787 F.3d 1359, 1364 (Fed. Cir. 2015). We review *de novo* the district court's findings of fact on evidence "intrinsic to the patent (the patent claims and specification[], along with the patent's prosecution history)," and review for clear error all other subsidiary findings of fact. *Teva Pharm. USA, Inc. v. Sandoz, Inc.*, 135 S. Ct. 831, 841 (2015). A district court's application of its own local rules is reviewed for an abuse of discretion. *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015).

BookIT's primary argument is that the district court misconstrued both "service provider" and "mediator" by importing limitations from the specification. It asserts that the specification evinces no clear intent to limit the definitions of these terms and that each should be given its ordinary broad meaning. BookIT also argues that the specification makes reference to booking systems only as a preferred embodiment of the invention.

Bank of America responds that BookIT acted as its own lexicographer and defined service provider and mediator in the specification. It also rejects BookIT's argument that these definitions pertain only to preferred embodiments.

We agree with Bank of America. The district court's constructions were taken from the definitions set forth in the specification. *See* '194 patent col. 3 ll. 55–57 ("The service providers are those with whom clients want to make

appointments, reservations, or other bookings and comprise the resources for the booking system to allocate."); *id.* col. 3 ll. 59–64 ("As used in this application, the mediator is a network based service available to the service provider booking services over the network . . . ."). There can be no clearer definitions than those expressly recited in the patent.

BookIT maintains that this section only describes a preferred embodiment and is thus not limiting, but this argument is meritless. These definitions appear in the third paragraph of the "Description of the Invention" section, apart from any mention of an embodiment, and lack any kind of qualification as "preferred" or "optional" components. *See, e.g., id.* col. 3 l. 65, col. 4 l. 6, col. 4 ll. 20–21. And the remainder of the specification explains that the invention "relates to exchanging and synchronizing information between booking systems and user terminal devices." *Id.* col. 3 ll. 40–42; *see also id.* col. 1 l. 1. Thus, the district court was correct to conclude that BookIT defined these terms in the '194 patent, and BookIT cannot revise its invention to suit current litigation needs. *See Techtronic Indus. Co. v. Int'l Trade Comm'n*, 944 F.3d 901, 907 (Fed. Cir. 2019) ("[T]he purpose of claim construction is to 'capture the scope of the actual invention' . . . ." (quoting *Phillips v. AWH Corp.*, 415 F.3d 1303, 1323–24 (Fed. Cir. 2005) (en banc))).

BookIT also argues that the district court abused its discretion in striking its amended infringement contentions. In its view, the local rules of the Northern District of Texas should have allowed it to serve its amended contentions following claim construction because it believed in good faith that the amendment was allowed by virtue of the district court's unexpected claim construction order (Rule 3-6) and was otherwise permitted because good cause was shown (Rule 3-7). BookIT also maintains that the district court abused its discretion by striking its amended expert

report because its overall infringement theory was unchanged.

Bank of America responds that the district court did not abuse its discretion because the claim terms were plainly defined in the specification—and therefore easily foreseeable—and that good cause was not shown primarily because BookIT failed to amend its contentions after being put on notice of Bank of America's proposed constructions. It further asserts that BookIT's expert report was properly stricken because it pressed the same "reservation engine" infringement theory excluded from the amended contentions.

We agree with Bank of America that the district court did not abuse its discretion. Local Rule 3-6 allows a party to serve amended contentions if it "believes in good faith that the presiding judge's claim construction ruling so requires." Appellant Br. 36. The district court has interpreted this rule to allow amendments to infringement contentions "only if the movant can show that the claim construction adopted by the court was unexpected or unforeseeable." *CommScope Techs. LLC v. Dali Wireless, Inc.*, 2018 WL 4566130, at *3 (N.D. Tex. 2018) (citations omitted). In view of our "broad deference to the trial court's application of local procedural rules," *SanDisk Corp. v. Memorex Prods., Inc.*, 415 F.3d 1278, 1292 (Fed. Cir. 2005), we conclude that BookIT has failed to show an abuse of discretion. The district court reasonably found that BookIT lacked a good faith belief that its amendment was required by the court's claim construction order because the constructions adopted by the court did not differ in any material way from those proposed by Bank of America—and, moreover, were essentially dictated by their definitions in the specification. Thus, the district court's claim construction order should not have surprised BookIT, and it has no excuse for failing to present its new infringement theories beforehand.

BookIT has likewise failed to show an abuse of discretion in the district court's finding that its amendment lacked good cause under Local Rule 3-7, which allows a party to serve amended contentions upon such a showing of good cause.  The district court reasonably found that BookIT's failure to present its new infringement theory earlier was inexcusable, and that allowing it to serve new contentions after claim construction would be unfair to Bank of America.  While BookIT argues that the amendments are crucial to its infringement case, we conclude that the district court did not abuse its discretion in finding that this consideration is outweighed by BookIT's failure to present the theory earlier and the potential prejudice to Bank of America.

Finally, we conclude that the district court's decision to strike BookIT's amended expert report was not an abuse of discretion.  BookIT's amended contention that a banking client's use of the Bank of America mobile application amounts to a "reservation" or "booking" of funds facilitated by Bank of America as a "service provider" was both unconventional and not disclosed in its original contentions. While BookIT argues that the expert report simply expounded upon its original contentions, the district court did not abuse its discretion in finding that the "reservation engine" argument was considerably different from BookIT's original contentions and thus impermissible under the court's order striking the amended contentions.

## CONCLUSION

We have considered BookIT's further arguments but find them unpersuasive.  For the foregoing reasons, the judgment of the district court is

**AFFIRMED**