United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 2, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

————————

No. 05-30045

(Summary Calendar)

————————

MARION TERRANCE; PATRICIA LATHERS-TRUSCLAIR,

Plaintiffs - Appellants,

versus

POINTE COUPEE PARISH POLICE JURY; ET AL,

Defendants,

POINTE COUPEE PARISH POLICE JURY; JULIET WILLIAMS; EUGENE SERIO; RUSSELL YOUNG; CLEMENT GUIDROZ; JIMMY BELLO; MELANIE BUECHE; RONALD SAIZON; CHRISTOPHER BATTLEY; CLIFFORD NELSON; POINTE COUPEE PARISH NURSING HOME; AMY RAY; MICHELLE JEWELL; JACKE MOUGEOT

Defendants - Appellees.

———————————————————————————————————

Appeals from the United States District Court
For the Middle District of Louisiana
USDC No. 3:00-CV-259

———————————————————————————————————

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Plaintiffs Marion Terrance and Patricia Lathers-Trusclair appeal the district court's judgment as a matter of law for the defendants on their claims of race discrimination in employment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. and 42 U.S.C. § 1983.

The plaintiffs first contend that the district court abused its discretion when it excluded the testimony of Dr. Paul Rachal. The defendants objected to this evidence on the ground that the plaintiffs failed to file a timely Federal Rule of Civil Procedure 26(a) disclosure. As a result, the defendants had not deposed Dr. Rachal. Federal Rule of Civil Procedure 37(c)(1) prohibits the introduction of evidence that, without substantial justification, has not been disclosed as required by Rule 26(a) unless the failure to disclose is harmless.

In evaluating whether the failure to disclose is harmless, a court looks to four factors: 1) the importance of the evidence; 2) the prejudice to the opposing party from including the evidence; 3) the possibility of curing any prejudice by granting a continuance; and 4) the explanation for the party's failure to disclose. *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 563-64 (5th Cir. 2004). The plaintiffs contend that although their disclosure of Dr. Rachal was tardy, it was nevertheless made several months prior to trial. However, the plaintiffs failed to file any opposition to the motion, to provide a reason for the late disclosure to either the district court or this court, or to identify the importance of Dr. Rachal's testimony. The district court therefore did not abuse its discretion in excluding this evidence.

The plaintiffs next contend that the district court erred in granting judgment for the defendants as a matter of law. We review the district court's ruling on a motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a) *de novo*. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 n.9 (5th Cir. 2001).

Motions for directed verdicts on claims of employment discrimination pursuant to 42 U.S.C. § 1983 and Title VII based on circumstantial evidence are evaluated under the *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), burden shifting framework.[1] *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 316 (5th Cir. 2004) (*McDonnell Douglas* applies to claims under Title VII and 42 U.S.C. § 1983); *Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 468 (5th Cir. 2002) (*McDonnell Douglas* applies to Rule 50(a) motions). A plaintiff must first establish a prima facie case of discrimination. *Id.* The burden then shifts to the employer to proffer a legitimate, nondiscriminatory reason for its action. *Id.* The burden then shifts back to the plaintiff to meet its ultimate burden of persuasion on the issue of intentional discrimination. *Baker v. Am. Airlines, Inc.*, 430 F.3d 750, 753-54 (5th Cir. 2005). This may be achieved by presenting evidence that the employer's stated reason for its action is pretextual. *Id.* at 754.

Applying this framework, the district court concluded that neither plaintiff proffered evidence to rebut the defendants' claim that the plaintiffs had been terminated due to their falsification of medical records. On appeal, plaintiffs argue that they presented evidence that the defendants' proffered reason is pretextual. They fail, however, to identify any nurse who falsified hospital records but was not terminated. *Cf. McDonnell Douglas Corp.*, 411 U.S. at 804 (evidence that employees outside the protected class who committed similar wrongful acts were not terminated is relevant to pretext). In addition, Trusclair was hired and fired by the same actor, thereby attenuating any inference of pretext. *See Cartagena v. Aegis Mortgage Corp.*, 275 F.3d 46 (5th Cir. 2001) ("In undertaking the pretext inquiry, we must consider Cartagena's evidence in light of the fact that the

---

[1] Although the plaintiffs discuss the law of disparate impact in their brief, no such claim was presented to the district court. A claim may not be raised for the first time on appeal. *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1163 (5th Cir. 1992).

same individual . . . both hired and discharged Cartagena."); *Brown v. C.S.C. Logic, Inc.*, 82 F.3d 651, 658 (5th Cir. 1996) (hiring and firing by same actor permits but does not mandate inference that firing was not racially motivated). Finally, it is undisputed that Terrance was replaced by someone of the same race. The plaintiffs have therefore not met their burden of rebutting the defendants' nondiscriminatory reason for terminating them.

For the foregoing reasons, we AFFIRM the judgment of the district court.