**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ETHAN J. HANSEN; JONATHAN J.
HANSEN,
       *Plaintiffs-Appellants,*

v.

DEPARTMENT OF TREASURY; UNITED
STATES INTERNAL REVENUE SERVICE;
SOCIAL SECURITY ADMINISTRATION,
       *Defendants-Appellees.*

No. 05-16091

D.C. No.
CV-04-00322-KJD

OPINION

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted
March 8, 2007—Tempe, Arizona

Filed May 7, 2007

Before: Michael Daly Hawkins, Sidney R. Thomas, and
Richard R. Clifton, Circuit Judges.

Opinion by Judge Hawkins

5157

**COUNSEL**

Joel F. Hansen (briefed and argued), Hansen & Hansen, LLC, Las Vegas, Nevada, for the plaintiffs-appellants.

Joan I. Oppenheimer (argued) and Laurie Snyder (briefed), U.S. Department of Justice, Tax Division, Washington, D.C., for the defendants-appellees.

**OPINION**

HAWKINS, Circuit Judge:

Jonathan J. Hansen ("Hansen"), on behalf of himself and

his son, Ethan, appeals the district court's dismissal of his complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Hansen's complaint[1] requested: (1) a religious exemption from social security self-employment tax under 26 U.S.C. ("I.R.C.") § 1402(g) [hereinafter "§ 1402(g)"]; (2) a declaration that, as applied to Hansen, various portions of § 1402(g) violate the First Amendment's Free Exercise and Establishment Clauses; (3) a declaration that he and his son are not required to have or use a social security number ("SSN"); and (4) a declaration that "various treasury regulations" are unconstitutional because they discriminate against Hansen based on his religious beliefs.

Concluding that the district court lacked jurisdiction over Hansen's statutory and constitutional § 1402(g) claims, we vacate its Rule 12(b)(6) dismissal of these claims and remand with directions to enter an order dismissing the claims for lack of subject matter jurisdiction. We have jurisdiction under 28 U.S.C. § 1291 and affirm the dismissal of Hansen's remaining claims.

## BACKGROUND

Holding strongly held religious beliefs against having or using an SSN or being involved in the social security system, Hansen sought an exemption from self-employment social security taxes pursuant to § 1402(g). Hansen was denied the exemption because the Social Security Administration and Internal Revenue Service determined he did not meet § 1402(g)'s eligibility requirements. A United States citizen, Hansen was also denied an Individual Taxpayer Identification Number ("ITIN") because ITINs are available only to individ-

---

[1]Although Hansen, an attorney, filed his complaint *pro se*, he was thereafter represented by counsel.

uals who are not citizens, nationals, or permanent residents of the United States. *See* 26 C.F.R. § 301.6109-1(d)(4).[2]

Hansen thereafter filed the complaint at issue, alleging, *inter alia*, that he has strong religious beliefs against having an SSN, that there is no law requiring him or his son "to get or have a social security number," and that requiring his son to have an SSN in order to claim a tax deduction violates the First Amendment. Hansen's complaint further alleged that, "since [he] belongs to an organization that has its own provisions for taking care of its dependent members and has strong beliefs against having or using a social security number," he was entitled to an exemption under § 1402(g) and that "many of the provisions of [§ 1402(g)] are unconstitutional as they allow an agency to pick and choose various religions that 'meet' the standards and thus, set up an[ ] unfair system of favoring one group over another, in violation of the First Amendment."

The United States then moved to dismiss, and Hansen responded with an opposition and a countermotion for summary judgment. The district court granted the Government's motion to dismiss and denied Hansen's countermotion, as well as Hansen's subsequent motion for reconsideration. This appeal followed.

## STANDARD OF REVIEW

Our review of a Rule 12(b)(6) dismissal is *de novo* and is limited to the allegations raised in the complaint, which must be taken as true and construed in the light most favorable to the nonmoving party. *See Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Dismissal may be affirmed on any ground supported by the record, "even if the district court did

---

[2]Section 301.6109-1(d)(4) became effective in 1996. Prior to this time, ITINs were available to those who claimed religious objections to the use of SSNs. *See Miller v. Comm'r*, 114 T.C. 511, 514 n.2 (2000).

not reach the issue or relied on different grounds or reasoning." *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir. 2000).

We also review the district court's denial of a motion for summary judgment *de novo*. *Moreno v. Baca*, 431 F.3d 633, 638 (9th Cir. 2005). "Viewing the evidence in the light most favorable to the nonmoving party, [the court] must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Id.*

## ANALYSIS

## I.  Hansen's § 1402(g) Claims

## A)  Jurisdiction

Although the Government did not contest, and the district court did not address, federal jurisdiction over Hansen's § 1402(g) claims, "[t]he defense of lack of subject matter jurisdiction cannot be waived," *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983), and may "be raised at any time during the proceedings," *United States v. Bennett*, 147 F.3d 912, 914 (9th Cir. 1998) (internal quotations omitted). Furthermore, because federal courts possess "only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto[,] . . . every federal appellate court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review," even if not contested by the parties. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (internal quotations omitted). If the district court lacked jurisdiction, "we have jurisdiction on appeal, not of the merits but merely for the purpose of correcting the error of the lower court." *Id.* (internal quotations omitted).

## B) Anti-Injunction Act[3]

**[1]** The Anti-Injunction Act generally bars any suit "for the purpose of restraining the assessment or collection of any tax." I.R.C. § 7421(a). The primary purpose of the Act is to protect "the Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference, and to require that the legal right to the disputed sums be determined in a suit for refund." *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736 (1974) (internal quotations omitted); *Church of Scientology of Cal. v. United States*, 920 F.2d 1481, 1484-85 (9th Cir. 1990).

**[2]** Although Hansen's complaint does not specifically seek an injunction restraining the assessment or collection of tax, the relief he seeks—a declaration that he qualifies for a § 1402(g) exemption or that the portions of § 1402(g) that render him ineligible for an exemption are unconstitutional— would "necessarily preclude the collection of" the challenged tax and therefore falls within the Act's scope.[4] *Bob Jones*

---

[3]The government also challenges Hansen's standing to raise his § 1402(g) claims, contending his complaint fails to allege an "injury-in-fact" insofar as it does not allege he is self-employed or otherwise subject to the challenged tax. Nor does the complaint allege that Hansen paid the tax or that the tax has ever been (or is likely to be) assessed against him. Because we conclude the Anti-Injunction Act precludes jurisdiction in federal court, we need not resolve this difficult question. *Elias v. Connett*, 908 F.2d 521, 523 (9th Cir. 1990) (Anti-Injunction Act governs subject matter jurisdiction of federal courts); *cf. Arizonans for Official English v. Ariz.*, 520 U.S. 43, 66-67 (1997) (courts need not address standing first where other jurisdictional bars apply). We therefore decide this appeal "under 'the Anti-Injunction Act because it is relatively straightforward, avoids deciding a constitutional question (Article III standing), and provides the narrowest ground for decision.' " *In re Am. Bicycle Ass'n*, 895 F.2d 1277, 1279 (9th Cir. 1990) (quoting *In re LaSalle Rolling Mills, Inc.*, 832 F.2d 390, 392 n.6 (7th Cir. 1987)).

[4]Hansen's complaint does not request that the entirety of § 1402(g) be declared unconstitutional. Rather, Hansen seeks either to be declared eligible for a § 1402(g) exemption or a declaration that the portions of the stat-

*Univ.*, 416 U.S. at 732; *Alexander v. Ams. United, Inc.*, 416 U.S. 752, 760-61 (1974) (rejecting argument that restraint on the assessment of taxes was "at best a collateral effect" of a suit seeking reinstatement of tax-exempt status).

**[3]** Accordingly, the Anti-Injunction Act precludes federal jurisdiction over Hansen's claims unless he is able to satisfy the judicially created exception to the Act by demonstrating (1) irreparable injury if his case is not heard, and (2) certainty of success on the merits.[5] *Bob Jones Univ.*, 416 U.S. at 737; *see also United States v. Lee*, 455 U.S. 252, 255 n.2 (1982) (explaining that, in the tax context, "injunctive relief is to be granted sparingly and only in exceptional circumstances"). Under this exception, an injunction can issue only "if it is clear that under no circumstances could the Government ultimately prevail." *Bob Jones Univ.*, 416 U.S. at 737.

**[4]** Hansen cannot satisfy either prong of this limited exception. First, dismissing his claim will not result in irreparable injury because, contrary to his contentions,

---

ute rendering him ineligible are unconstitutional, thereby entitling him to an exemption. To the extent Hansen's complaint can be read as seeking to have the entire exemption held unconstitutional, he may lack standing because such a result would not exempt Hansen from participation in the social security system and therefore would not redress Hansen's alleged injury (compelled participation in social security). *See, e.g.*, *Patterson v. Comm'r*, 740 F.2d 927, 929-30 (11th Cir. 1984); *Templeton v. Comm'r*, 719 F.2d 1408, 1412 (7th Cir. 1983); *Ward v. Comm'r*, 608 F.2d 599, 601 (5th Cir. 1979), *cert. denied*, 446 U.S. 918 (1980). However, because Hansen's complaint, appellate briefs, and statements made at oral argument indicate he intends to challenge only those portions that render him ineligible under § 1402(g) with the ultimate goal of obtaining the exemption, we do not reach this difficult question.

[5]The various statutory exceptions to the Anti-Injunction Act are not applicable here. *See* I.R.C. §§ 6015(e), 6212(a), (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(I), 6672(b), 6694(c), 7426(a), (b)(1), 7429(b), 7436.

> This is not a case in which an aggrieved party has no access at all to judicial review. . . . [If Hansen] will have taxable income . . . , [he] may in accordance with prescribed procedures petition the Tax Court to review the assessment of income taxes. Alternatively, [he] may pay income taxes, or, in their absence, an installment of FICA or FUTA taxes, exhaust the Service's internal refund procedures, and then bring suit for a refund. These review procedures offer petitioner a full, albeit delayed, opportunity to litigate [his claims].

*Bob Jones Univ.*, 416 U.S. at 746; *see, e.g.*, *United States v. Am. Friend Serv. Comm.*, 419 U.S. 7, 11 (1974); *Alexander*, 416 U.S. at 762; *Church of Scientology*, 920 F.2d at 1489; *see also* I.R.C. §§ 6212-13, 7422; 28 U.S.C. § 1346(a)(1). Although these avenues of relief may not be Hansen's preferred route, "[a] taxpayer cannot render an available review procedure an inadequate remedy at law by voluntarily forgoing it." *Alexander*, 416 U.S. at 762 n.13. As such, having failed to pursue all available remedies, Hansen cannot establish he will suffer "irreparable harm" if his § 1402(g) claims are not entertained by the district court.

[5] Second, Hansen's success on the merits is anything but certain. Hansen admits he does not satisfy the plain language of § 1402(g) because he does not oppose private insurance, *see* § 1402(g)(1), instead arguing that this element of § 1402(g) is unconstitutional and that the First Amendment requires he be granted an exemption.[6] However, similar First Amendment challenges to social security tax generally and to other clauses in § 1402(g) have been consistently rejected by the courts. *See, e.g.*, *Lee*, 455 U.S. at 258-61; *Droz v. Comm'r*, 48 F.3d 1120, 1123 (9th Cir. 1995) (collecting

---

[6]The constitutional nature of Hansen's § 1402(g) claims is "of no consequence under the Anti-Injunction Act." *Alexander*, 416 U.S. at 759; *see also Andersen v. United States*, 298 F.3d 804, 809-10 (9th Cir. 2002).

cases). While we express no opinion on the merits of Hansen's constitutional claims, we cannot say "it is clear that under no circumstances could the Government ultimately prevail." *Bob Jones Univ.*, 416 U.S. at 737.

[6] Accordingly, the Anti-Injunction Act applies,[7] the district court lacked jurisdiction to hear Hansen's § 1402(g) claims, and dismissal of these claims is required.[8] *Elias v. Connett*, 908 F.2d 521, 523 (9th Cir. 1990). We therefore vacate the district court's Rule 12(b)(6) dismissal of these claims and remand with direction to dismiss the claims for lack of subject matter jurisdiction.

## II.  Hansen's Remaining Claims

Hansen's complaint also seeks an order declaring that: (1) he and his son are not required to have or use an SSN, and (2) "various treasury regulations" unconstitutionally discriminate against Hansen based on his religious beliefs.[9] The district court dismissed these claims, concluding that although no statute specifically requires an individual to obtain an SSN,

---

[7]Because we conclude that the Anti-Injunction Act removed jurisdiction from the district court over Hansen's § 1402(g) claims, we need not decide whether the Declaratory Judgment Act, 28 U.S.C. § 2201, would also bar Hansen's action for declaratory relief regarding § 1402(g). *See, e.g.*, *Bob Jones Univ.*, 416 U.S. at 732 n.7 (noting that "the federal tax exemption to the Declaratory Judgment Act is at least as broad as the Anti-Injunction Act," but declining to decide whether the Declaratory Judgment Act barred suit after having decided suit was barred under the Anti-Injunction Act).

[8]Because we conclude the district court lacks jurisdiction over Hansen's § 1402(g) claims, Hansen's appeal from the denial of his countermotion for summary judgment seeking a § 1402(g) exemption is moot.

[9]Hansen has standing to bring these claims because his complaint sufficiently alleges an injury-in-fact (compelled use of an SSN), fairly traceable to the government's actions (denying his request for an ITIN), that is likely to be redressed by a favorable disposition. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000).

various statutes and regulations make clear that an SSN is required and that the government has a compelling interest in maintaining a sound social security and tax system, and that the SSN requirement—with its limited exceptions—is narrowly tailored to this interest.

**[7]** We affirm the dismissal of these claims because Hansen's complaint fails to specify the particular statutes and regulations requiring use of an SSN that he objects to, but instead seeks a general declaration that he and his son are entitled to never use an SSN and that "various treasury regulations" are unconstitutional. Without knowing the particular regulations and statutes to which Hansen objects, it is impossible to gauge the relevant governmental interest and assess Hansen's First Amendment and Equal Protection Clause challenges.[10] Accordingly, with respect to these claims, Hansen's complaint fails to state a claim upon which relief can be granted, and the district court's dismissal—albeit on other grounds— was not in error.

## CONCLUSION

For the reasons set forth above, the district court's order is

**VACATED** in part and **REMANDED** with directions; **AFFIRMED** in part. Costs on appeal to Appellees.

---

[10]To the extent Hansen's claim is simply an objection to being assigned an SSN, his challenge is foreclosed by *Bowen v. Roy*, 476 U.S. 693 (1986). In *Bowen*, the Supreme Court rejected a father's attempt to prevent the government from assigning his daughter an SSN, reasoning that "[t]he Free Exercise Clause simply cannot be understood to require the Government to conduct its own internal affairs in ways that comport with the religious beliefs of particular citizens," and concluding that the father "may no more prevail on his religious objection to the Government's use of a Social Security number for his daughter than he could on a sincere religious objection to the size or color of the Government's filing cabinets." *Id.* at 699-700.