FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 15 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DIETZ INTERNATIONAL PUBLIC ADJUSTERS OF CALIFORNIA, INC., a California corporation, | No. 11-56267 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-06662-MMM-E |
| v. | MEMORANDUM[*] |
| EVANSTON INSURANCE COMPANY, an Illinois corporation, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Submitted April 11, 2013[**]
Pasadena, California

Before: BERZON, TALLMAN, and M. SMITH, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Plaintiff Dietz International Public Adjusters of California, Inc. appeals the district court's grant of summary judgment to defendant Evanston Insurance Co. in Dietz's diversity action seeking reimbursement of payments made to settle claims against it. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Hansen v. Dep't of Treasury*, 528 F.3d 597, 600 (9th Cir. 2007), and we affirm.

The statutory language of Section 554 of the California Insurance Code is unambiguous and does not preclude Evanston from enforcing a provision in Dietz's professional liability insurance policy that bars Dietz from making voluntary payments to settle claims against it. *See Insua v. Scottsdale Ins. Co.*, 104 Cal. App. 4th 737, 743 (2002), *review denied*, No. S112788 (Feb 25, 2003) (holding that insurer could assert voluntary payments defense even when it failed to promptly assert a late notice defense).

On its face, Section 554 provides only for the waiver of an insurer's late notice defense, a substantively different defense than the voluntary payments defense that Evanston asserted at summary judgment. *See id.* Because Dietz failed to demonstrate that Evanston intentionally relinquished its right to raise its voluntary payments defense, Evanston has not waived that defense under California law. *See Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 31 (1995).

**AFFIRMED.**

2