# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20343
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 3, 2014

Lyle W. Cayce
Clerk

JACQUELINE MARIE PATTERSON,

Plaintiff-Appellant

v.

HOUSTON INDEPENDENT SCHOOL DISTRICT; MARK MIRANDA, Compliance Manager, HISD, Individually and as agent for Aramark; CHANDRA BAILEY, Food Services Student Eligibility and Accountability Manager, HISD, Individually and as an Agent for Aramark and the HISD, also known as Chandra C. Robertson,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-1984

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Jacqueline Marie Patterson ("Patterson") worked for Defendant-Appellee Houston Independent School District ("HISD") in the Human Resources Department as a Food Service Training Supervisor. After

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20343

HISD terminated Patterson's employment, she filed suit asserting sixteen claims against sixteen defendants. Over the course of the litigation most of the claims and defendants have been dismissed. The district court then granted summary judgment for Appellees—HISD and its employees Mark Miranda and Chandra Bailey—on Patterson's remaining claims: that HISD terminated and failed to promote her on the basis of her age, in violation of the Fourteenth Amendment; that HISD terminated and failed to promote her on the basis of her disability, in violation of the Fourteenth Amendment; that HISD failed to promote her on the basis of her race and gender, in violation of the Fourteenth Amendment and 42 U.S.C. § 1981; and that HISD terminated her on the basis of her race and gender, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq.*, 42 U.S. § 1981, and the Fourteenth Amendment. Patterson timely appealed.

Patterson raises only three issues on appeal. First, Patterson argues that the district court abused its discretion in denying her leave to amend her complaint to "provide for definite statements of facts, clarify which causes of action applies [sic] to which defendants, eliminate causes of action against a number of defendants in their individual capacities, and correct a misnomer in the captioning and naming of a party, among other changes." "Leave to amend should be freely granted when justice requires." *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006) (citing Fed. R. Civ. P. 15(a)). However, "leave to amend is by no means automatic." *Jones v. Robinson Property Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotation marks and citation omitted). District courts have discretion to manage their dockets, *Blackwell*, 440 F.3d at 291, and "[d]ecisions concerning motions to amend are entrusted to the sound discretion of the district court." *Jones*, 427 F.3d at 994 (internal quotation marks and citation omitted). The district court may consider multiple factors, "including undue delay, bad faith or dilatory motive

2

on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Id.*

The district court did not abuse its discretion in denying Patterson leave to amend her complaint for a third time. *See Blackwell*, 440 F.3d at 291-92. Patterson did not articulate with specificity any basis for allowing her to amend her complaint again, and the court explained to Patterson that her only stated reasons for seeking leave to amend (to remove defendants that already had been dismissed from the case and to add evidence produced during discovery) were unnecessary. *See id.* (finding no abuse of discretion where plaintiff had three opportunities to amend and did not provide the requisite specificity for leave to file fourth); *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254-55 (5th Cir. 2003) (finding no abuse of discretion where plaintiff had one opportunity to amend, could not correct deficiencies in complaint, and could not show how another amendment would correct deficiencies); *ABC Arbitrage Plaintiffs Grp. v. Tchuruk*, 291 F.3d 336, 362 (5th Cir. 2002) (finding no abuse of discretion where plaintiffs had two prior opportunities to amend and provide more details to support their allegations).

Second, Patterson argues that the district court abused its discretion in striking her summary-judgment evidence under Fed. R. Civ. P. Rule 37(c) because the final discovery deadline had not yet passed and there was no trial date set. Rule 37(c) provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). We review for abuse of discretion a district court's decision to exclude evidence pursuant to Rule 37(c). *CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 277 (5th Cir. 2009). In evaluating this, we look to: "(1) the importance

of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Texas A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003).

The district court did not abuse its discretion in striking Patterson's summary-judgment evidence, particularly an email from another HISD employee allegedly documenting comments made by an HISD supervisor who previously was dismissed as a defendant in this case on the grounds that there were no relevant factual allegations against him. *See CQ, Inc.*, 565 F.3d at 280. Throughout years of litigation, including in Patterson's charge to the EEOC, her original complaint and two amended complaints, her responses to motions to dismiss, her deposition, and her responses to interrogatories and requests for production, Patterson never mentioned that she had such an email or that she had had a conversation with the other employee about its contents. She produced this evidence only in her response to HISD's motion for summary judgment and did not proffer any justification for her failure to disclose it or explanation of its significance. *See Sobrino-Barrera v. Anderson Shipping Co., Ltd.*, 495 F. App'x 430, 433 (5th Cir. 2012) (unpublished) (finding no abuse of discretion in exclusion of affidavit that contained new opinions not contained in original expert report); *CQ, Inc.*, 565 F.3d at 280 (finding no abuse of discretion in exclusion of evidence where, even though evidence was important, plaintiff did not offer any justification for its failure to disclose, and litigation was at an advanced stage and therefore new evidence would not have been harmless); *Terrance v. Pointe Coupee Parish Police Jury*, 177 F. App'x 457, 459 (5th Cir. 2006) (unpublished) (finding no abuse of discretion in exclusion of testimony where, even though disclosure occurred several months prior to trial, plaintiffs failed to provide a reason for the late disclosure or identify importance of testimony).

Third, Patterson argues that the district court erred in granting summary judgment for Appellees because Patterson's allegation that HISD withdrew, without her permission or knowledge, the twenty applications for promotions that she filed while employed there creates a genuine issue of material fact regarding her discrimination claims.[1] We review a district court's grant of summary judgment de novo. *Milton v. Tex. Dep't of Criminal Justice*, 707 F.3d 570, 572 (5th Cir. 2013).

The district court did not err in granting summary judgment for Appellees. Although Patterson cites Title VII case law in her brief, the district court ruled that Patterson could not assert her failure-to-promote claims under Title VII because she had failed to exhaust them and because some were time barred, and Patterson does not appeal that ruling. Therefore, the district court's summary-judgment ruling was based on Patterson's failure-to-promote claims under the Fourteenth Amendment and §§ 1983 and 1981. In any event, Patterson offered no evidence that the alleged withdrawal of her applications was in any way related to her race or that the people who were hired for those positions were clearly less qualified than she was. *See Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997) ("In order to state a claim of racial discrimination under the Equal Protection Clause and § 1983, a plaintiff must demonstrate that the governmental official was motivated by intentional discrimination on the basis of race."); *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 427 (5th Cir. 2000) (explaining that plaintiff's subjective belief that he was discriminated against because of his race is insufficient to create fact issue); *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 882 (5th Cir. 2003) (explaining that to prove that asserted legitimate reason not to promote was

---

[1] To the extent that Patterson argues that the district court abused its discretion in striking summary-judgment evidence allegedly related to these applications, we reject that argument for the same reasons stated above.

No. 13-20343

pretext for discrimination plaintiff must show that he was "clearly better qualified" for the position). Indeed, Patterson conceded that she did not know who was hired for any of the positions but one and that she did not know who made those hiring decisions.

Finally, we note that even *pro se* litigants must brief arguments to avoid waiving them. The arguments that Patterson raises for the first time in her reply brief are waived. *See Hannah v. United States*, 523 F.3d 597, 600 n.1 (5th Cir. 2008) (citing *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993)).

We AFFIRM the district court's judgment, DENY Appellees' opposed motion for leave to file a sur-reply brief, and DENY AS MOOT Appellant's motion to strike the opposed motion for leave to file a sur-reply brief.