# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40402

United States Court of Appeals
Fifth Circuit

**FILED**

January 23, 2015

Lyle W. Cayce
Clerk

EDUARDO SANCHEZ,

Plaintiff-Appellant

v.

WARDEN DAWN GROUNDS, Warden at Telford Unit; JEFFERY CALFEE, Assistant Warden at Telford Unit; JAMES POWERS, also known as FNU Powers; FREDERICK GOODEN; OFFICER RANDY MCBAIN, also known as FNU McBain; NORRIS JORDAN; TERENCE WATT; UNIT GRIEVANCE DEPARTMENT,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:13-CV-2

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Eduardo Sanchez, Texas prisoner # 873766, moves to proceed in forma pauperis (IFP) to appeal the dismissal of his 42 U.S.C. § 1983 complaint, in which he asserted claims of due process violations and retaliation against various employees of the Texas Department of Criminal Justice stemming

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40402

from a prison disciplinary proceeding. The district court granted the defendants' motion for summary judgment on the grounds that the claims lacked merit, and the defendants were entitled to Eleventh Amendment immunity and qualified immunity. The district court certified that the appeal had not been taken in good faith and denied Sanchez permission to proceed IFP.

By moving to proceed IFP, Sanchez is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). We may dismiss the appeal if it is frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

We review the grant of summary judgment de novo, applying the same standards as the district court. *10 Ring Precision, Inc. v. Jones*, 722 F.3d 711, 717 (5th Cir. 2013). Summary judgment is appropriate where the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

As an initial matter, Sanchez contends that the district court did not apply the proper standard in considering the defendants' summary judgment motion. This argument finds no support in the record, which reflects that the district court applied the summary judgment standard.

Sanchez first challenges the district court's determination that his due process challenge to his reduction in classification and the denial of a visitation, prior to any disciplinary hearing, lacked merit. This claim of "punishment" without notice and a hearing fails, however, as Sanchez's change in classification status and the denial of visitation privileges do not implicate

a liberty interest protected by the Due Process Clause.  *See United States v. Jones*, 664 F.3d 966, 974 (5th Cir. 2011); *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999).  Further, to the extent Sanchez contends prison rules and regulations were violated in connection with his reduction in classification and denial of visitation, he is not entitled to relief.  *See Jackson v. Cain*, 864 F.2d 1235, 1251 (5th Cir. 1989).

Next, Sanchez challenges the dismissal of his claim that the defendants violated his due process rights throughout the disciplinary hearing proceedings.  As the summary judgment evidence reflects, Sanchez's disciplinary conviction resulted in a punishment of 15 days of recreation restriction, 30 days of commissary restriction, 15 days of cell restriction, a reduction in classification, and the loss of 100 days of good time.  None of those consequences implicated a protected liberty interest for Sanchez.  *See Kimbrell v. Cockrell*, 311 F.3d 361, 362 (5th Cir. 2002); *Malchi*, 211 F.3d at 958; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995).  Accordingly, Sanchez has not shown that he was entitled to due process.  *See Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Sanchez also contends that the district court erred in dismissing his claim based on the filing of an allegedly false disciplinary charge.  However, because he did not make the required showing that the disciplinary case terminated in his favor, the defendants were entitled to summary judgment on his stand-alone claim based on the allegedly false charge.  *See Woods v. Smith*, 60 F.3d 1161, 1165 n.16 (5th Cir. 1995).

With regard to his claims of retaliation, Sanchez alleged in the district court that he was subjected to retaliation by Officer Terence Watt and Captain Frederick Gooden.  On appeal, however, he does not address the retaliation claim against Officer Watt.  Similarly, he does not address the claim against

No. 14-40402

Captain Gooden to the extent he alleged retaliation based upon the F Pod's hot water problems, another disciplinary case that he received, the confiscation of some of his property in January 2012, and an alleged threat that Gooden made to him in January 2013. Sanchez thus abandons, by failing to brief, any challenge to the dismissal of those claims. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). The remainder of his retaliation claims against Captain Gooden are unavailing, as Sanchez's allegations are conclusory and speculative and do not give rise to any inference that Gooden's actions were motivated by a retaliatory intent. *See Woods*, 60 F.3d at 1166. We do not consider Sanchez's argument, raised for the first time on appeal, that Assistant Warden Jeffery Calfee retaliated against him. *See Hannah v. United States*, 523 F.3d 597, 600 n.1 (5th Cir. 2008).

Sanchez does not challenge the dismissal of his claims against Assistant Warden Calfee, Sergeant Randy McBain, Lieutenant Norris Jordan, and the Unit Grievance Staff. Nor does he address the basis for the district court's dismissal of his claims against Warden Dawn Grounds and Major James Powers arising from their alleged failure to properly respond to his letters. Consequently, Sanchez abandons these claims by failing to brief them. *See Yohey*, 985 F.2d at 224-25.

In his final point of error, Sanchez challenges the district court's dismissal of his claim that Warden Grounds and Major Powers created an unwritten custom and policy to punish inmates, through demotion in classification, without notice and a hearing. This claim is unavailing, however, because the purported policy does not result in any constitutional injury. *See Wernecke v. Garcia*, 591 F.3d 386, 401 (5th Cir. 2009); *Malchi*, 211 F.3d at 958.

Sanchez has failed to show that his appeal involves any arguably meritorious issue. *See Howard*, 707 F.2d at 220. Accordingly, his motion for

No. 14-40402

leave to proceed IFP on appeal is denied, and his appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as one strike under 28 U.S.C. § 1915(g). Sanchez is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.