**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 12 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELIZABETH BOARDMAN, | No. 13-15022 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-00639-MCE-GGH |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., Chief District Judge, Presiding

Submitted March 10, 2015[**]
San Francisco, California

Before: BYBEE, CALLAHAN, and OWENS, Circuit Judges.

Plaintiff-Appellant Elizabeth Boardman appeals the district court's dismissal

of her complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

The complaint asserts claims under the Free Exercise Clause and the Religious

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

Freedom Restoration Act of 1993, 42 U.S.C. § 2000bb et seq., and seeks an injunction ordering the Internal Revenue Service to "put into operation procedures for processing disputes, claims, collections and litigation adverse to taxpayers who refuse to pay taxes because of conscience or religion that are respectful, efficient, transparent and minimally burdensome and that lead to Tax Court determinations upon taxpayer request." We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court correctly determined that the complaint is barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a). The complaint seeks an injunction that would enjoin the government from following certain tax collection procedures—in particular, procedures designed to allow the government to expeditiously resolve taxpayer claims lacking legal merit—and therefore falls within the scope of the Anti-Injunction Act. *See Hansen v. Dep't of Treasury*, 528 F.3d 597, 601 (9th Cir. 2007).

Accordingly, the Anti-Injunction Act precludes federal jurisdiction here unless Appellant can satisfy the judicially created exception to the Act by demonstrating (1) irreparable injury if her case is not heard, and (2) certainty of success on the merits. *Bob Jones Univ. v. Simon*, 416 U.S. 725, 737 (1974). Appellant fails to satisfy either requirement. Appellant has a legal remedy in the

2

form of a suit for refund and thus will suffer no irreparable injury. *Hansen*, 528

F.3d at 601–02. Appellant also has not shown that she is certain to succeed on the

merits of her claim that the government's listing of war tax resistance as a

"frivolous" legal position for purposes of 26 U.S.C. § 6702 connotes

discouragement of religion or otherwise violates her free exercise rights. *See*

*Jenney v. United States*, 755 F.2d 1384, 1387 (9th Cir. 1985) (holding that a

taxpayer's attempt to claim a war tax deduction is frivolous within the meaning of

26 U.S.C. § 6702 because "[t]here is no provision in the Internal Revenue Code for

a war tax deduction or credit, and taxpayers have no constitutional right to refuse

to pay federal taxes because of their anti-war sentiments").

Thus, the district court properly granted the Commissioner's motion to

dismiss under Federal Rule of Civil Procedure 12(b)(1).[1]

**AFFIRMED.**

---

[1] Because we conclude that the district court correctly dismissed the complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), we need not decide whether the complaint was also properly dismissed under Federal Rule of Civil Procedure 12(b)(6).