**In re RETURN OF SEIZED PROPERTY, $4,000 IN UNITED STATES CURRENCY; David Trimmer, Movant.**

**Case No. 15cv0233–MMA (KSC).**

United States District Court, S.D. California.

Signed Sept. 11, 2015.

---

Richard M. Barnett, Law Offices of Richard M. Barnett, San Diego, CA, for Plaintiff.

Bruce C. Smith, U.S. Attorneys Office Southern District of California, San Diego, CA, for Defendant.

## ORDER DENYING MOTION FOR RETURN OF SEIZED PROPERTY [Doc. No. 1]

MICHAEL M. ANELLO, District Judge.

On February 5, 2015, Movant David Trimmer filed a Motion for Return of Seized Property pursuant to 18 U.S.C. § 983(a)(3)(A). Doc. No. 1 ("Motion"). The United States of America ("United States") filed its Response in Opposition on March 16, 2015, Doc. No. 4, and Mr. Trimmer replied on August 10, 2015, Doc. No. 13. The Court determined the matter suitable for decision on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons set forth below, the Court **DENIES** Mr. Trimmer's Motion.

### BACKGROUND

The Drug Enforcement Administration seized approximately $4,000[1] in U.S. Currency from Mr. David Trimmer on May 6, 2014. Mr. Trimmer submitted an administrative claim seeking return of the money on July 17, 2014. The United States elect-ed not to file a complaint for forfeiture, and submitted a request to disburse the funds back to Mr. Trimmer through the Bureau of the Fiscal Service ("Fiscal Service"), the part of the Department of the Treasury responsible for disbursing most payments from federal agencies.

Before disbursing funds, the Fiscal Service, in partnership with the Internal Revenue Service ("IRS"), searches the Treasury Offset Program database ("TOP database") to determine whether the recipient of the disbursement owes a delinquent debt subject to the Federal Payment Levy Program ("FPLP").[2] Using the TOP database, the Fiscal Service determined that Mr. Trimmer owed over $31,000 in back taxes from 2002. Pursuant to the FPLP, the IRS levied $4,000.23 before it was returned to Mr. Trimmer, and credited it against his tax liability. Mr. Trimmer ultimately received less than a dollar from the Fiscal Service.

### DISCUSSION

### I. The Anti–Injunction Act applies.

The United States briefly argues that this Court lacks the jurisdiction to order the return of Mr. Trimmer's property because "[a] district court is statutorily prohibited from enjoining the IRS from executing such a levy," under the Anti–Injunction Act.

The Anti–Injunction Act ("AIA"), 26 U.S.C. § 7421, provides that, with certain exceptions, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person...." 26 U.S.C. § 7421(a); *Hansen v. Dep't of Treasury*, 528 F.3d 597, 600 (9th Cir.2007) ("The Anti–Injunction Act generally bars any suit for the purpose of restraining the assessment or collection

---

1. The total amount seized was $4001.23. Doc. No. 1, Exhibit 6.

2. Under to the FPLP, the IRS can collect overdue taxes through a continuous levy on certain payments disbursed by the Fiscal Service.

of any tax.") (internal quotation marks omitted). "The manifest purpose of § 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund." *Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1, 7, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962).

Because none of the various exceptions to the AIA apply here, this Court lacks jurisdiction over Mr. Trimmer's claim "unless he is able to satisfy the judicially created exception to the Act by demonstrating (1) irreparable injury if his case is not heard, and (2) certainty of success on the merits." *Hansen v. Dep't of Treasury*, 528 F.3d 597, 601 (9th Cir.2007) (quoting *Bob Jones University v. Simon*, 416 U.S. 725, 737, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974)); *see Enochs*, 370 U.S. at 7, 82 S.Ct. 1125 ("Only if it is then apparent that, under the most liberal view of the law and the facts, the United States cannot establish its claim, may the suit for an injunction be maintained. Otherwise, the District Court is without jurisdiction, and the complaint must be dismissed.").

■ Dismissing Mr. Trimmer's claim will not result in irreparable injury because he may challenge an improper levy in a tax refund suit. *See Hansen*, 528 F.3d at 601–02 (finding no irreparable injury where plaintiff could seek review in Tax Court); *Church of Scientology of California v. United States*, 920 F.2d 1481, 1489 (9th Cir.1990) ("The courts have repeatedly held that the opportunity to sue for a refund is an adequate remedy at law which bars the granting of an injunction.") (citing cases). Accordingly, the Court lacks subject matter jurisdiction, and Mr. Trimmer's Motion is **DENIED.**

**II. Even if the Anti–Injunction Act did not apply, the United States has complied with § 983(a)(3)(B).**

Even if the AIA did not apply in this instance, the United States complied with its obligations under 18 U.S.C. § 983(a)(3)(B). Mr. Trimmer initially argues that the United States did not file a complaint for forfeiture, and the offset provisions of the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3716, ("DCIA") do not apply to the return of seized funds. In its Opposition, the United States acknowledges that it did not file a complaint, but argues, among other things, that the DCIA is inapplicable to the collection of a federal tax debt. *See* 31 U.S.C. § 3701(d). Mr. Trimmer appears to concede this point in his Reply, arguing only that because the continuous levy provision of 26 U.S.C. § 6331(h) only permits a levy of 15 percent of a payment due a taxpayer, Mr. Trimmer is entitled to receive the other 85 percent of his payment back.

Under the Civil Asset Forfeiture Reform Act, the government has 60 days after seizing property to notify interested parties. 18 U.S.C. § 983(a)(1)(A). If a party files an administrative claim for return of the property, then the government must file a complaint for forfeiture regarding the seized property within 90 days. 18 U.S.C. § 983(a)(3)(A). If the government does not file a complaint and fails to obtain a criminal indictment containing an allegation that the property is subject to forfeiture, then the government is obligated to "promptly release the property pursuant to regulations promulgated by the Attorney General, and may not take any further action to effect the civil forfeiture of such property in connection with the underlying offense." 18 U.S.C. § 983(a)(3)(B).[3]

3. 18 U.S.C. § 983(f) also provides for the immediate release of seized property under certain conditions. However, subsection (f) only applies to currency that "constitutes the as-

28 C.F.R. § 8.13 governs the return of property pursuant to 18 U.S.C. § 983(a)(3)(B). It provides, among other things, that if a complaint for forfeiture is not filed, "the U.S. Attorney in charge of the matter shall immediately notify the appropriate seizing agency that the 90–day deadline was not met," but that "the United States is not required to return property for which it has an independent basis for continued custody, including but not limited to contraband or evidence of a violation of law." 28 C.F.R. § 8.13(a).

The IRS has the authority to continuously levy specified payments from the federal government to satisfy tax debts. 26 U.S.C. § 6331(h). Under a continuous levy, the government "shall attach to up to 15 percent of any specified payment due to the taxpayer." 26 U.S.C. § 6331(h)(1). Subject to certain exclusions, a "specified payment" is "any Federal payment other than a payment for which eligibility is based on the income or assets (or both) of a payee...." 26 U.S.C. § 6331(h)(2).

■ It is undisputed that the United States failed to file a complaint for forfeiture against the property within 90 days of receiving Mr. Trimmer's timely claim. However, it is also undisputed that the Department of Justice submitted a request that the Fiscal Service return the seized funds to Mr. Trimmer. Mr. Trimmer notes in his reply brief that the levy authority provided in 26 U.S.C. § 6331(h) only permits a continuous levy to "attach up to 15 percent any specified payment due the taxpayer," and argues that the United States should be ordered to return

the remaining 85 percent of his funds. The Court agrees that the statute provides only for a 15 percent levy under these circumstances. However, because the funds were levied by the IRS *after* the United States requested that they be disbursed to Mr. Trimmer, it appears that the United States complied with its obligation to "release the property pursuant to regulations promulgated by the Attorney General." 18 U.S.C. § 983(a)(3)(b). Accordingly, even if the Court had subject matter jurisdiction in this instance, the Court would **DENY** Mr. Trimmer's Motion for this reason also.[4]

### CONCLUSION

For the reasons set forth above, the Court **DENIES** Mr. Trimmer's Motion for Return of Seized Property, Doc. No. 1. The Clerk of Court is instructed to enter judgment in accordance herewith and to close the case.

**IT IS SO ORDERED.**

---

sets of a legitimate business." 18 U.S.C. § 983(f)(8)(A).

4. Although it is unclear, the Court notes that 28 C.F.R. § 8.13 may prohibit the return of Mr. Trimmer's seized property, as it is apparently undisputed that he owes over $31,000 in past due taxes. Regardless, even though the United States concedes that "[a]n operational

error caused nearly 100% of this payment to be levied," it appears that the appropriate remedy here would be to bring a tax refund suit. *See* 35 Am.Jur.2d Federal Tax Enforcement § 933 ("The right to recover taxes wrongfully collected is a purely statutory right, and the statutory requirements for bringing a tax refund suit should be followed to the letter.").