NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| OLASEBIKAN N. AKINMULERO, | No. 23-35364 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-01135-RSL |
| v. | |
| U.S. DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| UNITED STATES ATTORNEY GENERAL; SECRETARY, Department of Homeland Security; DIRECTOR, United States Citizenship and Immigration Services, | |
| Defendants. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Submitted February 27, 2025[]

Before:  S.R. THOMAS, SILVERMAN, and N.R. SMITH, Circuit Judges.

Plaintiff, a Nigerian national with a long history in immigration proceedings, sought adjustment of status under 8 U.S.C. § 1255 outside of removal proceedings. After the agency denied relief, plaintiff challenged the decision in district court, alleging Administrative Procedure Act and constitutional claims.  The district court dismissed for lack of subject matter jurisdiction.  Plaintiff appeals.

We have jurisdiction to consider our jurisdiction.  *Havensight Cap. LLC v. Nike, Inc.*, 891 F.3d 1167, 1171 (9th Cir. 2018).  We agree with the district court that it lacked jurisdiction to consider plaintiff's claims, and we dismiss the appeal for lack of jurisdiction.  Plaintiff's legal and constitutional challenges to his individual application for adjustment of status can only be raised in federal court in a petition for review of a final order of removal. *Nakka v. USCIS*, 111 F.4th 995, 1014-16 (9th Cir. 2024).

The district court properly considered its jurisdiction in the context of the government's motion for reconsideration.  "[S]ubject matter jurisdiction cannot be waived . . . and may be raised at any time during proceedings." *Hansen v. Dep't of*

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Treasury*, 528 F.3d 597, 600 (9th Cir. 2007) (cleaned up).  In fact, the district court had a duty to consider its own subject matter jurisdiction.  *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

All pending motions are denied as moot.

**APPEAL DISMISSED.**